UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VADZIM KAZADAVENKO, Individually and on behalf of all other persons similarly situated,

               Plaintiff,

      v.

ATLANTIC ADULT DAY CARE CENTER INC., QUEENS BOROUGH DAY CARE, LLC and DMITRY TSEPENYUK, Jointly and Severally,

           Defendants.

ECF CASE

No.:_____

COMPLAINT

CLASS AND COLLECTIVE ACTION COMPLAINT

## NATURE OF THE ACTION

1.    Plaintiff Vadzim Kazadavenko worked for Atlantic Adult Day Care Center Inc., Queens Borough Day Care, LLC and Dmitry Tsepenyuk (collectively, "Defendants") at their adult daycare centers as a driver from November 2017 to June 2019.[1]

2.    Plaintiff Kazadavenko alleges, on behalf of himself and other similarly situated current and former employees, that Defendants willfully violated the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"), by failing to pay them overtime premium pay.

3.    Plaintiff Kazadavenko alleges, on behalf of himself and other similarly situated current and former employees, that Defendants violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to pay overtime, (iii) failing to pay spread-of-hours pay, (iv) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law

---

[1] The dates and time ranges in this Complaint are based on Plaintiff's current memory and best estimates.

§ 195.1, and (v) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment.

4.    Plaintiff Kazadavenko further alleges that Defendants improperly classified him and his coworkers as independent contractors, refused to make them employees and failed to pay them through payroll and subject them to proper payroll deductions and withholdings. As a result, they were denied overtime pay and the benefits and protections of employment status.

<u>JURISDICTION AND VENUE</u>

5.    This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff Kazadavenko's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff Kazadavenko's FLSA claims under 29 U.S.C. § 216(b).

6.    Venue is proper in this District under 28 U.S.C. §§1391(b)(1), 1391(b)(2): Defendants Atlantic and Tsepenyuk are residents of this District; and a substantial part of the events giving rise to the action occurred in this District.

7.    This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

<u>THE PARTIES</u>

8.    Plaintiff Kazadavenko was and is, at all relevant times, an adult individual, residing in Brooklyn, New York.

9.    Defendant Atlantic is a domestic business corporation organized under New York law, with its principal place of business at 111 West End Avenue, Brooklyn, New York, 11235.

10.    Defendant Queens Borough is a domestic limited liability company organized under New York law, with its principal place of business at 13708 31st Road, Flushing, New York, 11354.

11.    Defendant Atlantic is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Atlantic is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and services include cars, food, beverages and computers.

12.    Defendant Queens Borough is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Queens Borough is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and services include cars, food, beverages and computers.

13.    Defendant Tsepenyuk was and is, at all relevant times, an adult individual who, upon information and belief, resides in Brooklyn, New York.

14.    Defendant Tsepenyuk owns, operates and controls Defendant Atlantic's day-to-day operations and management, is its Chief Executive Officer (according to information filed with the New York State Department of State) and jointly employed Plaintiff Kazadavenko and other similarly employees at all relevant times.

15.     Defendant Tsepenyuk owns, operates and controls Defendant Queens Borough's day-to-day operations and management, is its President and jointly employed Plaintiff Kazadavenko and other similarly employees at all relevant times.

16.     Defendants had control over Plaintiff Kazadavenko's and other similarly situated employees working conditions and over the unlawful policies and practices detailed in this Complaint.

17.     Defendants are covered employers within the meaning of the FLSA and the Labor Law and, at all relevant times, employed Plaintiff Kazadavenko and other similarly situated employees.

18.     Each Defendant, either directly or indirectly, has hired Plaintiff Kazadavenko and other similarly situated employees and controlled their work schedule and employment conditions, determined their payment rates and method, and kept at least some records regarding their employment.

19.     Upon information and belief, while Defendants operate under two different corporate names, their operations are interrelated and unified.

20.     Upon information and belief, Defendants operate a single integrated business enterprise that jointly employed Plaintiff Kazadavenko and other similarly situated employees at all relevant times. Each Defendant has had substantial control over Plaintiff Kazadavenko's and other employees' working terms and conditions and over the unlawful policies and practices alleged herein.

21.     Upon information and belief, at all relevant times, each Defendant had the power to determine and change employee policies for both Defendants, including, but not limited to, policies governing Plaintiff Kazadavenko's and other employees' classifications, benefits and pay

rates, and had the control over all personnel decisions, such as employees' hiring, firing, supervising and disciplining.

STATEMENT OF FACTS

22.    At all relevant times, Defendants operated a business in New York City, providing adult daycare for elderly clients, including feeding them lunch and dinner, taking them on excursions, taking them shopping and providing social programing and entertainment for them.

23.    Upon information and belief, at any one time, Defendants employ at least 20 individuals at each location, Atlantic and Queens Borough.

24.    Defendants employed Plaintiff Kazadavenko from November 2017 to June 2019 as a driver to transport the elderly clients for their adult daycares, driving vehicles primarily around the State of New York, in the boroughs of Brooklyn and Queens.

25.    From November 2017 to March 2019, Defendants employed Plaintiff Kazadavenko at Defendant Atlantic, located in Brooklyn. And from March 2019 to June 2019, they employed him at Queens Borough, located in Queens.

26.    While working for Defendants, Plaintiff Kazadavenko and his coworkers drove vehicles that had a capacity of more than 6 passengers and weigh less than 10,000 pounds, including a Ford Transit, a 13 people van.

27.    During his employment with Defendants, Plaintiff Kazadavenko's duties included picking up the morning and afternoon groups of Defendants' clients from their residences twice a day, first time around 8:00 a.m. and second time at 2:00 p.m., shuttling the clients between activities and errands during the day and dropping the morning and afternoon groups off at their residences, at 1:00 p.m. and 7:00 p.m., respectively.

28.    Defendants are not a taxicab company or a transportation business, rather, they employed Plaintiff Kazadavenko and his coworkers as drivers to provide daycare services to a large roster of local elderly clients in the community.

29.    During their employment with Defendants, Plaintiff Kazadavenko and his coworkers were not available for hire by individual members of the general public and could not provide transportation to any individuals besides Defendants' clients.

30.    During their employment with Defendants, Plaintiff Kazadavenko and his coworkers only transported Defendants' clients on fixed routes, with two fixed termini. They could not pick up or take any passengers wherever they wanted to go, instead, they had to adhere to the scheduled routes and Defendants' daycare centers' programming schedule.

31.    Every day that Plaintiff Kazadavenko and his coworkers worked, they drove on a fixed daily schedule, consisting of an early morning pick up and afternoon drop off and an afternoon pick up and evening drop off, with some scheduled group programming in the middle.

32.    In addition to the driving duties at Atlantic and Queens Borough, Defendants made him and his coworkers do other work, including heavy lifting to unload food delivered to the daycares, unpacking the food, peeling fruits and vegetables, making fresh juices for clients, peeling potatoes for lunch and dinner for the kitchen, packing 50 to 80 snacks per day for the evening client groups, cleaning and washing the floors, throwing away garbage and washing Defendants' cars and vans. Additionally, at Atlantic, they also had to remove water and feces from the kitchen and main client area due to regular flooding from rain and the sewage system.

33.    During their employment at Atlantic, Defendants also required Plaintiff Kazadavenko and his coworkers to work one to three days a week for their auto repair and

auctioning shop, eAutoCollision: Auto Body Shop, located at 8029 Foster Avenue, Brooklyn, New York 11236, after the end of their shifts.

34.     Plaintiff Kazadavenko's and other similarly situated employees' duties for the auto shop consisted of picking up damaged cars from the auction lots in New Jersey and driving them to Defendants' auto shop for fixing, picking up cars from the auto shop, Atlantic or other parking lots in New York and driving them to New Jersey to an auctioning lot.

<u>Hours Worked and Unpaid Wages</u>[2]

35.     During his employment with Defendants, Plaintiff Kazadavenko generally worked Sunday to Friday at Atlantic and Monday to Saturday at Queens Borough, from 8:00 a.m. to 7:30 p.m., equaling 11.5-hour days and 69 hours per week.

36.     In addition to the hours Plaintiff Kazadavenko worked at Atlantic, at least one to three days per week, he worked from 7:30 p.m. to at least 10:30 p.m. for Defendants' auto shop, increasing his weekly hours worked to at least 72 and 78 hours.

37.     Despite working these hours, Defendants paid Plaintiff Kazadavenko a daily $150 salary, regardless of how many hours he worked.

38.     Defendants were not permitted to pay Plaintiff Kazadavenko a fixed daily salary.

39.     From November 2017 to March 2019, Plaintiff Kazadavenko's effective hourly rate was between $12.50 and $11.54: $150.00 x 6 days = $900, $900/72 hours = $12.20 hourly rate; $150.00 x 6 days = $900, $900/78 hours = $11.54 hourly rate.

40.     From March 2019 to June 2019, Plaintiff Kazadavenko's effective hourly rate was $13.04: $150.00 x 6 days = $900.00; $900.00/69 hours = $13.04 hourly rate.

---

[2] These subject lines are included only for organizational purposes.

41.     Defendants failed to pay Plaintiff Kazadavenko the state minimum wage because his effective hourly rate fell below the required state minimum wage in certain periods of his employment:

| Dates | Average Hours Worked Per Week | Weekly Earnings | Average Hourly Rate | Labor Law Minimum Wage[3] |
|---|---|---|---|---|
| 11.01.2017-12.31.2017 | 72 or 78 | $900.00 | $11.54 or $12.50 | $11.00 |
| 01.01.2018-12.31.2018 | 72 or 78 | $900.00 | $11.54 or $12.50 | $13.00 |
| 01.01.2019-03.15.2019 | 72 or 78 | $900.00 | $11.54 or $12.50 | $15.00 |
| 03.15.2019-12.31.2019 | 69 | $900.00 | $13.04 | $15.00 |

42.     Although Plaintiff Kazadavenko and his coworkers regularly worked more than 40 hours per week, by paying them a fixed daily salary, Defendants failed to pay them overtime premium pay: 1.5 times their regular hourly rate for every hour worked over 40 in a given week.

43.     Defendants misclassified Plaintiff Kazadavenko as an independent contractor. The following are examples of how Plaintiff Kazadavenko was an employee, and not an independent contractor:

a.      Defendants provided Plaintiff Kazadavenko with the tools and equipment he needed to perform his job, including the van he used to drive their elderly clients to and from the daycares and mops and knives to do the side work at the daycares;

b.      Plaintiff Kazadavenko was not permitted to perform services on any day and/or during any hours that he chose. Rather, Plaintiff Kazadavenko was required to work from 8:00 a.m. to 7:30 p.m. six days a week;

c.      Plaintiff Kazadavenko was not permitted to and did not use discretion or independent judgment in performing any significant duties; and

---

[3]https://dol.ny.gov/minimum-wage-0 (last visited May 11, 2021)

d.      Plaintiff Kazadavenko was not free to decline work or work for any other company.

44.      Defendants failed to pay Plaintiff Kazadavenko any wages for the hours worked for the auto shop, further failing to pay him at the applicable minimum wage and overtime rate for every hour worked and over 40 in a given week.

45.      Plaintiff Kazadavenko regularly worked more than 10 hours in a day, however, Defendants did not pay him spread-of-hours pay: an extra hour at the statutory minimum wage.

46.      From speaking with them, Plaintiff Kazadavenko knows that other drivers, like him, were not paid for all hours worked, were paid a fixed daily salary and were not paid overtime premium pay for hours worked over 40, were paid below the statutory minimum wage and were not paid spread-of-hours pay.

<u>Labor Law Notice and Wage Statement Violations</u>

47.      Defendants had no policy or practice in place for Plaintiff Kazadavenko and the other drivers to clock in or out, or otherwise track their hours worked.

48.      Defendants paid Plaintiff Kazadavenko by company check during his entire employment.

49.      Defendants did not post a poster advising Plaintiff Kazadavenko and his coworkers of their rights to a minimum wage and overtime premium pay at their office or any job location.

50.      Defendants failed to provide Plaintiff Kazadavenko and his coworkers with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when they were hired or at any point in their employment.

51.      Defendants did not provide Plaintiff Kazadavenko and his coworkers with an accurate wage statement under N.Y. Lab. Law § 195.3 with any wage payment.

## COLLECTIVE ACTION ALLEGATIONS

52.    Under 29 U.S.C. § 206, Plaintiff Kazadavenko seeks to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed in the positions of drivers and chauffeurs, at any time since June 10, 2018 to the entry of judgment in this case (the "Collective Action Period"), who were employees within the meaning of the FLSA (the "Collective Action Members").

53.    Plaintiff Kazadavenko and the Collective Action Members are similarly situated on several legal and factual issues, including:

a.    Defendants employed the Collective Action Members within the meaning of the FLSA;

b.    Collective Action Members performed similar duties;

c.    Defendants willfully or recklessly violated the FLSA;

d.    whether Defendants misclassified Plaintiff Kazadavenko and the Collective Action Members as independent contractors;

e.    Whether Defendants failed to pay Plaintiff Kazadavenko and the Collective Action Members overtime compensation for hours worked in excess of 40 hours per workweek at their regular rate of pay, violating the FLSA and the regulations promulgated thereunder;

f.    Defendants should be enjoined from such violations of the FLSA in the future; and

g.    The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

<u>CLASS ACTION ALLEGATIONS</u>

54.     This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules.

55.     Plaintiff Kazadavenko asserts these allegations and claims on his own and on behalf of a class consisting of:

> All employees whom Defendants employ and have employed in the positions of drivers and chauffeurs, at any time since June 10, 2015 to the entry of judgment in this case (the "Class Period"), who were employees within the meaning of the New York Labor Law (the "Class" or "Class Members").

56.     The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 50 Class Members exist.

57.     Plaintiff Kazadavenko's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants.

58.     Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

59.     Plaintiff Kazadavenko is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law and class action litigation.

60.     Plaintiff Kazadavenko has the same interest in this matter as all other Class Members and his claims are typical of Class Members'.

61.    Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

a.    whether Defendants employed Plaintiff Kazadavenko and the Class Members, individually or jointly, within the meaning of the Labor Law;

b.    whether Defendants misclassified Plaintiff Kazadavenko and the Class Action Members as independent contractors;

c.    whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff Kazadavenko and the Class Members;

d.    what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

e.    whether Defendants failed or refused to pay Plaintiff Kazadavenko and the Class Members minimum wage and overtime premium pay at their regular rate of pay for all hours worked in excess of 40 hours per workweek;

f.    whether Defendants failed or refused to pay Plaintiff Kazadavenko and the Class Members the spread-of-hours pay;

g.    whether Defendants failed to provide Plaintiff Kazadavenko and the Class Members with wage notices and wages statements under Labor Law §§ 195.1 and 195.3;

h.    whether Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided under the Labor Law in any area where Plaintiff Kazadavenko and the Class Members are employed;

i.    whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

j.      whether Defendants should be enjoined from such violations of the Labor Law in the future.

FIRST CAUSE OF ACTION
FAILURE TO PAY NEW YORK MINIMUM WAGE COMPENSATION
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Kazadavenko and the Class Members)

62.     Plaintiff Kazadavenko realleges every preceding allegation as if set forth fully herein.

63.     Defendants are "employers" within the meaning of Labor Law §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff Kazadavenko and the Class Members.

64.     The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff Kazadavenko and the Class Members.

65.     Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff Kazadavenko and the Class Members the statutory minimum wage.

66.     Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage and overtime provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. § 137-2.3, *et seq.*

67.     During certain period of their employment, Plaintiff Kazadavenko and Class Members' effective hourly wages fell below the required statutorily minimum wage.

68.     Defendants are accordingly liable to Plaintiff Kazadavenko and the Class Action Members for the unpaid hourly minimum wage for all the hours worked.

69.     Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Kazadavenko and the Class Members the minimum wage.

70.     Due to Defendants' Labor Law violations, Plaintiff Kazadavenko and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

SECOND CAUSE OF ACTION
FAILURE TO PAY OVERTIME
UNDER THE FLSA
(On Behalf of Plaintiff Kazadavenko and the Collective Action Members)

71.     Plaintiff Kazadavenko realleges every preceding allegation as if set forth fully herein.

72.     Defendants employed Plaintiff Kazadavenko and the Collective Action Members within the meaning of the FLSA.

73.     Defendants knowingly failed to pay Plaintiff Kazadavenko and the Collective Action Members the overtime wages to which they were entitled under the FLSA.

74.     Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

75.     Plaintiff Kazadavenko and his coworkers were not exempt from the FLSA overtime requirements under the taxicab exemption because they did not drive taxicabs, were not available for hire by individual members of the general public, drove on fixed routes, had fixed termini and adhered to a fixed schedule.

76.     Defendants were required to pay Plaintiff Kazadavenko and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours worked

in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a).

77.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff Kazadavenko and the Collective Action Members the proper overtime compensation for their hours worked in excess of 40 per workweek.

78.     By misclassifying Plaintiff Kazadavenko and the Collective Action Members as independent contractors, Defendants also misclassified them as exempt for overtime purposes under the FLSA, failing to pay them overtime that they were entitled to.

79.     Although Plaintiff Kazadavenko and the Collective Action Members regularly worked more than 40 hours per week, by paying them a fixed daily salary, Defendants failed to pay them overtime premium pay: 1.5 times their regular hourly rate for every hour worked over 40 in a given week.

80.     Defendants regularly failed to pay Plaintiff Kazadavenko and the Collective Action Members any wages for the work they did for the auto shop, further failing to pay them overtime at the applicable hourly rate for every hour worked over 40 in a given week.

81.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

82.     Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff Kazadavenko's and the Collective Action Members' compensation.

83.     Because Defendants' FLSA violations were willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

84.     Defendants have failed to make, keep and preserve records with respect to Plaintiff Kazadavenko and the Collective Action Members, their employees, sufficient to determine the

wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

85.     As a result of Defendants' FLSA violations, Plaintiff Kazadavenko and the Collective Action Members have suffered damages by being denied overtimes wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

THIRD CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PREMIUM PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Kazadavenko and the Class Members)

86.     Plaintiff Kazadavenko realleges every preceding allegation as if set forth fully herein.

87.     Defendants are "employers" within the meaning of Labor Law §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff Kazadavenko and the Class Members.

88.     The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff Kazadavenko and the Class Members.

89.     The unpaid wages at issue in this claim are "wages" under N.Y. Lab. Law § 190(1).

90.     Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff Kazadavenko and the Class Members one-half (1.5) times their regular rate of pay for all hours they worked in excess of 40 per workweek.

91.     By misclassifying Plaintiff Kazadavenko and the Class Members as independent contractors, Defendants also misclassified them as exempt for overtime purposes under the Labor Law and failed to pay them overtime that they were entitled to.

92.     Defendants failed to pay Plaintiff Kazadavenko and the Class Members overtime wages to which they were entitled, violating N.Y. Lab Law § 650 and Part 142, § 142-2.2 of Title 12 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

93.     Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing overtime wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. § 137-2.3, *et seq.*

94.     Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Kazadavenko and the Class Members the correct amount of overtime wages.

95.     Due to Defendants' Labor Law violations, Plaintiff Kazadavenko and the Class Members are entitled to recover from them their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

FOURTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Kazadavenko and the Class Members)

96.     Plaintiff Kazadavenko realleges every preceding allegation as if set forth fully herein.

97.     Defendants have willfully failed to supply Plaintiff Kazadavenko and the Class Members with the required statement with every payment of wages, violating Labor Law § 195.3.

98.     Due to Defendants' violations of N.Y. Lab Law § 195.3, Plaintiff Kazadavenko and the Class Members are entitled to recover from Defendants $250.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

FIFTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Kazadavenko and the Class Members)

99.     Plaintiff Kazadavenko realleges every preceding allegation as if set forth fully herein.

100.    Defendants have willfully failed to supply Plaintiff Kazadavenko and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1(a) within ten business days of their first employment date.

101.    Due to Defendants' violations of Labor Law § 195.1, Plaintiff Kazadavenko and the Class Members are entitled to recover from them $100.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. New York. Lab. Law § 198(1)-b (2016).

SIXTH CAUSE OF ACTION
NEW YORK LABOR LAW "SPREAD OF HOURS PAY"
(On Behalf of Plaintiff Kazadavenko and the Class Members)

102.    Plaintiff Kazadavenko realleges every preceding allegation as if set forth fully herein.

103.    12 N.Y.C.R.R. § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours[.]"

104.    Defendants regularly required Plaintiff Kazadavenko and the Class Members to work more than 10 hours in a day.

105.    During their employment with Defendants, Plaintiff Kazadavenko's and the Class Members' effective hourly rate regularly fell below the required statutory minimum wage. Because of this, they were and are entitled to be paid the spread-of-hours premium for days when they worked more than 10 hours per day.

106.    At all times relevant to this action, Defendants failed to pay Plaintiff Kazadavenko and the Class Members the spread-of-hours premium required by 12 N.Y.C.R.R. § 142-2.4.

107.    Defendants' failure to pay spread-of-hours compensation for work performed by Plaintiff Kazadavenko and the Class Members after 10 hours in day was willful.

108.    For the foregoing reasons, Defendants have violated 12 N.Y.C.R.R. § 142-2.4 and are liable to Plaintiff Kazadavenko and the Class Members in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Kazadavenko, on behalf of himself and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a.    Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class Members and appointing Plaintiff Kazadavenko and his counsel to represent the Class Members;

b.    Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. §

216(b) and appointing Plaintiff Kazadavenko and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

        c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

        d.      An award for unpaid overtime premium pay under the Labor Law and the FLSA;

        e.      An award for unpaid minimum wage under the Labor Law;

        f.      An award for unpaid spread-of-hours pay under the Labor Law;

        g.      An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;

        h.      An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

        i.      An award of liquidated damages as a result of Defendants' Labor Law violations;

        j.      An award of liquidated damages as a result of Defendants' willful FLSA violations;

        a.      An award of pre-judgment and post-judgment interest;

        b.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

        c.      Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Kazadavenko demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
        June 10, 2021

LIPSKY LOWE LLP


<u>s/ Douglas B. Lipsky</u>
Douglas B. Lipsky
Milana Dostanitch
420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
212.392.4772
doug@lipskylowe.com
milana@lipskylowe.com
*Attorneys for Plaintiff Kazadavenko*