

Milana Dostanitch - Associate

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main: 212.392.4772
Direct: 212.764.5828
Fax: 212.444.1030
milana@lipskylowe.com

www.lipskylowe.com

January 31, 2022

VIA ECF
The Honorable Eric N. Vitaliano, U.S.D.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    Kazadavenko v. Atlantic Adult Day Care Center Inc., *et al.*,
>         1:21-cv-3284 (ENV)(LB)

Dear Judge Vitaliano:

This firm represents the Plaintiff Kazadavenko in this Fair Labor Standards Act and New York Labor Law matter. We submit this letter, on behalf of all parties, seeking the Court's approval of the settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and *Wolinsky v. Scholastic Inc.*, No. 11-cv-5917 (JMF), 2012 U.S. Dist. LEXIS 93918 (S.D.N.Y. July 5, 2012).

I.    Summary of Plaintiff's Claims and Damages

A.    Overview of Defendants' Business and Plaintiff's Duties

Defendants Atlantic Adult Day Care Center Inc., Queens Borough Day Care, LLC and Dmitry Tsepenyuk operate two adult daycare centers for elderly clients, one located in Brooklyn ("Atlantic") and one in Queens ("Queens Borough"). Their offered services include picking up clients from their residences, feeding clients lunch and dinner, taking them on excursions, taking them shopping, providing social programing and entertainment and dropping them off at home at the end of their shift. Defendants' adult daycares operate two shifts a day, a morning shift, starting from 8:00 a.m. and until early afternoon, and an afternoon shift, starting at 2:00 p.m. and until closing time.

Plaintiff worked as a driver for Defendants from November 2017 to June 2019, working first at Atlantic, from November 2017 to March 2019, and then at Queens Borough, from March 2019 to June 2019. Additionally, from November 2017 to June 2019, after finishing his work at Atlantic, Defendants required him to work as a driver at their auto repair and auctioning shop, eAutoCollision: Auto Body Shop, located in Brooklyn.

His duties at Atlantic and Queens Borough included picking up the morning and afternoon groups of Defendants' clients from their residences twice a day, first time around 8:00 a.m. and second time at 2:00 p.m., shuttling the clients between activities and errands during the day and dropping the morning and afternoon groups off at their residences, at



The Honorable Eric N. Vitaliano
January 31, 2022
Page 2 of 13

1:00 p.m. and 7:00 p.m., respectively. In addition to the driving duties at Atlantic and Queens Borough, Defendants made him do other work, including heavy lifting to unload food delivered to the daycares, unpacking the food, peeling potatoes for lunch and dinner for the kitchen, packing 50 to 80 snacks per day for the evening client groups, cleaning and washing the floors, throwing away garbage and washing cars and vans. When working at the auto shop, his duties consisted of picking up damaged cars from the auction lots in New Jersey and driving them to Defendants' auto shop for fixing, picking up cars from the auto shop, Atlantic or other parking lots in New York and driving them to New Jersey to an auctioning lot.

B.    Days and Hours Worked

Plaintiff generally worked 6 days a week, from Sunday to Friday at Atlantic and Monday to Saturday at Queens Borough, from 8:00 a.m. to 7:30 p.m., equaling 11.5-hour days and 69 hours per week. And, in addition to the hours he worked at Atlantic, from November 2017 to March 2019, he worked an average of 3 days per week, from 7:30 p.m. to at least 10:30 p.m. at Defendants' auto shop, increasing his weekly hours to at least 78.

C.    Unpaid Overtime, Minimum Wage, Spread-of-Hours & Unlawful Wage Practices

For working these hours and performing these duties, Defendants paid him a fixed daily rate of $150.00 – regardless of the days or hours he worked. By paying him a fixed daily salary, Defendants failed to pay him overtime premium pay. This is not their only unlawful compensation policy. When Plaintiff drove cars for the auto shop, Defendants failed to pay him *any* wages for that work. As a result of these unlawful policies, Defendants failed to pay him the New York State minimum wage because his effective hourly rate fell below the required threshold in certain periods of his employment:

| Dates | Average Hours Worked Per Week | Weekly Earnings | Effective Hourly Rate | New York Min. Wage |
|---|---|---|---|---|
| 11.01.2017-12.31.2017 | 78 | $900.00 | $11.54[1] | $11.00 |
| 01.01.2018-12.31.2018 | 78 | $900.00 | $11.54 | $13.00 |
| 01.01.2019-03.15.2019 | 78 | $900.00 | $11.54 | $15.00 |
| 03.15.2019-06.30.2019 | 69 | $900.00 | $13.04 | $15.00 |

Additionally, despite him regularly working more than 10 hours in a day, Defendants did not pay him spread-of-hours pay: an extra hour at the statutory minimum wage. Also, they failed to provide him with the Notice and Acknowledgment of Payrate and Payday and with accurate wage statements, in violation of Labor Law §§ 195.1 and 195.3.

---

[1] $900.00 / 78 = $11.54 effective hourly rate



D.    Defendants misclassified him as an independent contractor

Defendants had a policy and practice to misclassify all their drivers as independent contractors to avoid paying them overtime and save on payroll taxes. Specifically, they required that each driver incorporate a company before they would issue them a first payment. If a driver did not have a company, Defendants would not pay him until he created one. Accordingly, Plaintiff, like all the other drivers, was misclassified and paid by Defendants as an independent contractor through a company they required him to use during his employment.

Despite this, Defendants controlled all aspects of Plaintiff's employment: they provided him with the tools and equipment he needed to perform his job, including the van he used to drive the clients and mops and knives to do the side work at the daycares; he was not permitted to perform services on any day and/or during any hours that he chose. Rather, he was required to work from 8:00 a.m. to 7:30 p.m., 6 days a week; he was not permitted to and did not use discretion or independent judgment during his work.

E.    Plaintiff's Estimated Damages

Based on the alleged employment policies, the hours worked and compensation received, Plaintiff calculates that he is owed $94,198.25 under their FLSA and Labor Law Claims, including liquidated damages. Specifically, he is entitled to $10,425.00 in unpaid minimum wage:

| Dates | Weekly Comp. | Hours Worked Per Week | Reg. Rate of Pay | NY Min. Wage | Unpaid Min. Wage Per Hour | Unpaid Min. Wage Per Week | Weeks Worked | Unpaid Min. Wage Per Period |
|---|---|---|---|---|---|---|---|---|
| 11.01.2017-12.31.2017 | $900.00 [2] | 78 | $11.54 [3] | $11.00 | $0.00 | $0.00 | 9 | $0.00 |
| 01.01.2018-12.31.2018 | $900.00 | 78 | $11.54 | $13.00 | $1.46 [4] | $114.00 [5] | 50 | $5,700.00 [6] |
| 01.01.2019-03.15.2019 | $900.00 | 78 | $11.54 | $15.00 | $3.46 | $270.00 | 10 | $2,700.00 |
| 03.15.2019-06.30.2019 | $900.00 | 69 | $13.04 | $15.00 | $1.96 | $135.00 | 15 | $2,025.00 |
| TOTAL | | | | | | | | **$10,425.00** |

[2] $150.00 daily salary by 6 days worked = $900.00 weekly earnings.

[3] $900.00 / 78 = $11.54 regular rate of pay. Because Defendants paid him a daily rate, we have to divide his total weekly earnings by his total hours worked per week to get his regular rate of pay.

[4] $13.00 minimum wage - $11.54 regular rate of pay = $1.46 unpaid minimum wage per hour

[5] $1.46 underpayment per hour x 78 hours per week = $114.00 weekly minimum wage underpayment

[6] $114.00 underpayment per week x 50 weeks worked = $5,700.00 unpaid minimum wage



He is entitled to $20,343.50 in unpaid overtime:

| Dates | Hourly Overtime Rate | Unpaid Overtime Premium Per Hour | Overtime Hours Worked Per Week | Unpaid Overtime Per Week | Weeks Worked | Unpaid Overtime Per Period |
|---|---|---|---|---|---|---|
| 11.01.2017-12.31.2017 | $16.50[7] | $5.50[8] | 38 | $209.00[9] | 9 | $1,881.00[10] |
| 01.01.2018-12.31.2018 | $19.50 | $6.50 | 38 | $247.00 | 50 | $12,350.00 |
| 01.01.2019-03.15.2019 | $22.50 | $7.50 | 38 | $285.00 | 10 | $2,850.00 |
| 03.15.2019-06.30.2019 | $22.50 | $7.50 | 29 | $217.50 | 15 | $3,262.50 |
| TOTAL | | | | | | **$20,343.50** |

He is owed $6,744.00 in spread-of-hours premium:

| Dates | NY Min. Wage | Days Worked Over 10 Hours Per Day | Spread-of-Hours Owed Per Week | Weeks Worked | Unpaid Spread-of-Hours Per Period |
|---|---|---|---|---|---|
| 11.01.2017-12.31.2017 | $11.00 | 6 | $66.00[11] | 9 | $594.00[12] |
| 01.01.2018-12.31.2018 | $13.00 | 6 | $78.00 | 50 | $3,900.00 |
| 01.01.2019-03.15.2019 | $15.00 | 6 | $90.00 | 10 | $900.00 |
| 03.15.2019-06.30.2019 | $15.00 | 6 | $90.00 | 15 | $1,350.00 |
| TOTAL | | | | | **$6,744.00** |

---

[7] These rates are 1.5 x New York minimum wage.
[8] $16.50 overtime rate - $11.00 New York minimum wage = $5.50 unpaid overtime premium
[9] $5.50 x 38 overtime hours per week =$209.00 unpaid overtime per week
[10] $209.00 unpaid overtime per week x 50 weeks worked = $12,350.00 unpaid overtime per period
[11] $11.00 minimum wage x 6 days worked over 10 = $66.00 unpaid spread-of-hours premium
[12] $66.00 unpaid spread-of-hours premium x 9 weeks = $594.00 spread-of-hours per period



He is also owed $10,000.00 for Defendants' Labor Law §§ 195.1 and 195.3 violations. And, finally, he is owed $9,173.25 in in interest at 9.0% *per annum*:

| Dates | Unpaid Wages Per Period | Interest Rate | Factor | Interest Per Period |
|-------|------------------------|---------------|--------|---------------------|
| 11.01.2017-12.31.2017 | $2,475.00 | 0.09 | 4 | $891.00[13] |
| 01.01.2018-12.31.2018 | $21,950.00 | 0.09 | 3 | $5,926.50 |
| 01.01.2019-03.15.2019 | $6,450.00 | 0.09 | 2 | $1,161.00 |
| 03.15.2019-06.30.2019 | $6,637.50 | 0.09 | 2 | $1,194.75 |
| TOTAL | | | | **$9,173.25** |

Putting this all together, exclusive of liquidated damages, he is owed $56,685.75 in compensatory damages: $10,425.00 in minimum wage; $20,343.50 in overtime; $6,744.00 in spread-of-hours; $9,173.25 in interest; and $10,000.00 for Defendants' Labor Law §§ 195.1 and 195.3 violations. With liquidated damages of $37,512.50, he is owed a total of $94,198.25.

II.     Procedural and Settlement History

On June 10, 2021, Plaintiff filed his Complaint asserting the following claims: failure to pay overtime under the Fair Labor Standards Act and New York Labor Law; failure to pay minimum wage under the Labor Law; failure to pay spread-of-hours premium pay under the Labor Law; failure to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1; failure to provide an accurate wage statement under N.Y. Lab. Law § 195. The Parties engaged in meaningful informal and limited formal discovery, including exchanging information and over 1700 pages of documents. On December 21, 2021, the parties participated in a mediation with a well-regarded mediator, James A. Brown, where they reached a settlement. The Agreement was not, however, fully executed until January 31, 2022.[14]

III.    Summary of Settlement Terms

Plaintiff has agreed to resolve his claims for $55,000: $36,264.87 payable to Plaintiff; $18,735.13 payable to his counsel Lipsky Lowe, $18,333.33 for their fees, equaling one-third of the settlement, and $401.80 payable to his counsel for expenses.[15] Payment will be made within 15 days of the Court approving the Agreement, assuming it does. The Agreement contains a release limited to the wage and hour claims.[16]

---

[13] $2,475.00 unpaid wages per period x 0.09 x 4 = $891.00 interest per period
[14] January 31, 2022 Settlement Agreement, Exhibit A.
[15] Settlement Agreement ¶ 4(b).
[16] *Id.* ¶ 3.



The Honorable Eric N. Vitaliano
January 31, 2022
Page 6 of 13

IV.    Defendants' Affirmative Defenses

The primary defense to the Plaintiff's claim is that he was not employed by Atlantic Day Care and Queens Day Care. At all relevant times the Plaintiff was an independent contractor and/or employee and/or agent of third party corporations not related to Defendants ("Third Parties"). The Third Parties were contractors used by the Defendants Atlantic Day Care and Queens Day Care to provide transportation services for their clients. The Third Parties were paid for their contracted work and there is no money or salary owed to the Plaintiff. To the extent that any wages may have been owed to the Plaintiff, the Defendants maintain that they have fully paid the Plaintiff and complied with their FLSA and Labor Law statutory obligations.

V.    The Settlement Agreement Should Be Approved as It is Fair and Reasonable Under the Circumstances and Complies with the Second Circuit's Decision in *Cheeks v. Freeport Pancake House, Inc.*

A.    The Settlement Agreement is Fair and Reasonable.

A court should consider the totality of circumstances to determine whether the proposed settlement is fair and reasonable. This includes at least five factors: (1) the complexity, expense and likely duration of litigation; (2) the stage of the proceedings; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation. *Alvarez v. Sterling Portfolio Inv. L.P.*, No. 1:16-cv-5337 (CBA)(VMS), 2017 U.S. Dist. Lexis 206043, at *25 (E.D.N.Y. Dec. 13, 2017); *Wolinsky v. Scholastic Inc.*, No. 11-cv-5917 (JMF), 2012 U.S. Dist. LEXIS 93918, at *4-5 (S.D.N.Y. July 5, 2012) (citing Medley v. Am. Cancer Soc., No. 1:10-cv-3214 (BSJ), 2010 U.S. Dist. LEXIS 75098, at *3 (S.D.N.Y. July 23, 2010)).

In considering these factors, courts may enter judgment on a basis that does not require full payment of plaintiff's claims or liquidated damages. This is appropriate where, like here, a strong disagreement exists on the facts. *See Sampaio v. Boulder Rock Creek Developers, Inc.*, No. 1:07-cv-153 (ETB) 2007 U.S. Dist. LEXIS 66013, *3 (E.D.N.Y. Sept. 6, 2007) (approving settlement as reasonable in light of no documentation of the hours that plaintiff worked, the parties' disputes on the number hours plaintiff worked, and the "respective burdens the parties face with respect to their claims and defenses"). And it is certainly appropriate where, like here, some documentary evidence concerning the number of days worked exist and plaintiff has no documentary evidence to belie same. *See Elliott v. Allstate Investigations, Inc.*, No. 07-cv-6078 (DLC), 2008 U.S. Dist. LEXIS 21090, at *5-6 (S.D.N.Y. Mar. 19, 2008) (approving a settlement that was less than plaintiff's claims where plaintiff lacked documentary evidence to support his claims); *Sampaio v. Boulder Rock Creek Developers, Inc.*, No. 07-cv-153 (ETB) 2007 U.S. Dist. LEXIS 66013, *3 (E.D.N.Y. Sept. 6, 2007) (approving settlement as reasonable in light of no documentation of the hours that plaintiff worked, the parties' disputes on the number hours plaintiff worked, and the "respective burdens the parties face with respect to their claims and defenses").



1.    The settlement is reasonable and fair in view of the case's
      complexity, expense and the duration of the litigation.

While certain parts of this FLSA matter are not highly complex, serious factual questions exist that would require heavy litigation. The parties do not agree on the basic facts, including the hours Plaintiff worked and the wages he received. Additionally, Defendants adamantly deny that Plaintiff worked 6 days per week, stating that he worked 5 or fewer days and, therefore, deny that he worked as much overtime as alleged. Additionally, Defendants represent that document exchanged in the discovery, support their position on Plaintiff's days and hours worked. While limited formal and some informal discovery occurred, if this case were to proceed, the parties would need to conduct full discovery, including depositions. This litigation would be costly and time-consuming. As such, this factor favors approving the settlement. *See Marshall v. Deutsche Post DHL*, 1:13-cv-1471 (RJD) (JO), 2015 U.S. Dist. Lexis 125869, at *12 (E.D.N.Y. Sept. 21, 2015) (finding that costly litigation favors approving settlement).

2.    The settlement is reasonable and fair considering the stage of the
      proceedings.

The parties participated in limited formal discovery and meaningful, informal discovery, including exchanging over 1,700 pages of documents, allowing them to adequately evaluate the strengths and weaknesses of their respective claims and defenses. This favors approving the settlement. *See Alvarez*, 2017 U.S. Dist. Lexis 206043, at *8 (approving settlement where discovery was incomplete but the parties had sufficient information to analyze the case); *Hall v. Prosource Techs., LLC*, No. 1:14-cv-2502 (SIL), 2016 US. Dist. Lexis 53791, at *39 (E.D.N.Y. April 11, 2016) (approving settlement where informal discovery was exchanged sufficient enough the parties had "adequate knowledge of the strengths and weaknesses of their respective claims and defenses").

3.    The settlement is reasonable and fair considering the risks of
      establishing liability and damages.

The biggest risk in Plaintiff's case is establishing that he worked the days and hours that he alleges he worked– two hotly contested issues. Based on Defendants' adamant position and some documents that Plaintiff worked less days and hours than alleged, working only 5 days per week and 9 hours per day, Plaintiff would be entitled to a minimum amount of damages. But the settlement avoids this risk. It is accordingly uncertain whether, or how much, he would recover at trial. This factor, therefore, favors approval of the settlement. *See Marshall*, 2015 U.S. Dist. Lexis 125869, at *13 (explaining because the case was not a "slam dunk" these factors favor approval); *Bodon v. Domino's Pizza, LLC*, No. 1:09-cv-2941 (SLT), 2015 U.S. Dist. Lexis 17358 (E.D.N.Y. Jan. 16, 2015) ("[T]she question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the uncertainties the class faces . . . .").



4.    The settlement is reasonable and fair considering Defendants'
ability to withstand a larger judgment.

Defendants represent they lack the financial courses to pay the total amount of Plaintiff's claimed damages. This is a factor in him agreeing to resolve his claims for less than his claimed damages. The settlement, however, remains reasonable considering Defendants' financial condition. *See Sanchez*, 2018 U.S. Dist. LEXIS 70647, *9 (approving settlement that provides for 20% of the claimed damages based on defendants' financial condition).

5.    The settlement is reasonable and fair considering Plaintiff's best
possible recovery and the litigation risks.

Plaintiff calculates his total recovery for his wage and hour claims to be $56,585.75, including interest and excluding liquidated damages. To obtain this, he would have to prove all of his days and hours worked and disprove some of the documents produced in discovery that indicate that he worked less days and hours than alleged. A real likelihood, therefore, exists that he would recover a fraction of the settlement amount for his unpaid wages, statutory penalties and interest. But this settlement provides him 97.1% ($55,000/$56,585.75) of his claimed damages. This range favors approval. *See Alvarez*, 2017 U.S. Dist. Lexis 206043, at * 25 (approving an FLSA settlement where Plaintiff's recovery range varied significant on the success of certain defenses).

B.    The Agreement Is the Product of Arm's-Length Settlement Negotiations.

The settlement was reached after the parties exchanged limited formal and meaningful informal discovery and a mediation session with the well-regarded mediator, James A. Brown. These factors favor approval. *See Garcia v. Pancho Villa's of Huntington Vill., Inc.*, No. 1:09-cv-486 (ETB), 2012 U.S. Dist. Lexis 144446, at * 7-8 (E.D.N.Y. Oct. 4, 2012) (approving settlement that was reached following arm's-length negotiations and with a mediator's assistance).

C.    The Agreement Complies with the Second Circuit's Decision in *Cheeks v.
Freeport Pancake House*.

In August 2015, the Second Circuit resolved an arguably unsettled issue: parties cannot privately settle FLSA claims without either the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The Court also explained in *dicta* when an FLSA settlement is valid. Namely, it questioned the validity of agreements that contain confidentiality provisions, single-sided general releases and attorneys' fees that go beyond a certain percentage. *Id*. None of those issues are present in the Agreement.

1.    The Agreement complies with *Cheeks* since it is publicly filed.

The Agreement does not contain a confidentiality provision and it is publicly available, having been filed on the CM/ECF system with this motion. This concern thus does not exist, favoring approval.



2.      The Agreement complies with *Cheeks* since it contains a limited
        release.

The Agreement's release is limited to the wage and hour claims asserted in this action.[17] This favors approval.  *See Gomez v. Midwood Lumber & Millwork, Inc.*, No. 1:17-cv-3064 (KAM)(JO), 2018 U.S. Dist. Lexis 101019, at * 15 (E.D.N.Y. June 17, 2018) (approving settlement agreement when the release was limited to the asserted wage and hour claims); *Wiles v. Logan Staffing Sols. Inc.*, No. 18-cv-9953 (RA), 2020 U.S. Dist. LEXIS 36485, at *4 (S.D.N.Y. Mar. 2, 2020).

VI.     The Court Should Approve Plaintiff Counsel's Fees and Expenses, As the Amounts
        Are Reasonable

        A.      Counsel's Fees of One-Third of The Settlement Is Reasonable and
                Regularly Approved.

Plaintiff's Counsel shall receive, under the Agreement and subject to the Court's approval, $18,333.33 in fees, which is one-third of the $55,000 settlement.[18] Plaintiff's Counsel seeks one-third in fees also pursuant to the contingency fee agreement with Plaintiff.

This amount is reasonable as contingency fees of one-third in the FLSA context are routinely approved. *See e.g., Sanchez v. Alan's R E 99 Cents & Up Inc.,* No. 16-cv-1881 (CBA)(LB), 2018 U.S. Dist. LEXIS 70647, at *13 (E.D.N.Y. Apr. 24, 2018) (approving one-third fee request in FLSA case); *Emiliano Nieto Zepeda v. Baggio, Ltd.*, No. 1:17-cv-2290 (VB), 2017 U.S. Dist. LEXIS 143332, at *2 (S.D.N.Y. Sept. 1, 2017) (approving one-third request fee request). Even when a plaintiff is not receiving 100% of his claimed damages, it remains reasonable for counsel to receive one-third of the fund. *See Emiliano Nieto Zepeda*, 2017 U.S. Dist. LEXIS 143332, at *2 (approving one-third request when plaintiff is receiving 50% of her claimed damages).

Also, this firm assumed a meaningful financial risk when agreeing to represent Plaintiff under this contingency fee arrangement. We took on the case with no guarantee if and when there would be a resolution, while investing our time and effort and advancing costs – all with no guarantee of any compensation. Indeed, in unsuccessful cases, this firm does not recover anything despite investing hundreds of hours and thousands in expenses. This assumption of risk is unique to the Plaintiff's bar and further favors approving the near-one-third contingency fee. *See Garcia*, 2012 U.S. Dist. Lexis 144446, at *20; *Campos v. Goode*, No. 1:10-cv-224 (DF), 2011 U.S. Dist. Lexis 22959, at *19 (S.D.N.Y. March 4, 2011).

        B.      Counsel's Fee Request Is Further Reasonable Considering Their Hourly
                Rates and Hours Expended.

Lipsky Lowe has expended more than 59.9 hours, equaling $20,043.50 in fees: 6.4 hours for Douglas Lipsky (partner) at $415 per hour, totaling $2,656.00; and 53.5 hours for

---

[17] Settlement Agreement ¶ 3.
[18] *Id.* ¶ 4.



Milana Dostanitch (Senior Associate) at $325 per hour, totaling $17,387.50.[19]  These hours and rates are reasonable.

        1.      Counsel's fee request is reasonable considering the requested hourly rates, their experience and previously approved rates.

Plaintiff requests a rate of $415 for partner Douglas B. Lipsky, which is reasonable considering his background: he has practiced employment law for 19 years; he is a member of the New York State Bar Association, Wage and Hour Committee; he has presented on numerous issues, including presenting to the New York State Academy of Trial Lawyers on employment law and the FLSA; he was a contributing authority on a treatise on wage and hour litigation, Wage & Hour Collective and Class Litigation, ALM Law Journal Press (2012); prior to founding Lipsky Lowe, he was a Senior Associate at Seyfarth Shaw LLP in its employment practice group, which is consistently ranked as one of the top employment practice groups in the Country. Courts, recognizing this background, have previously rates slightly below this at $400. *See Rosado v. The French Paradox Inc., et al*., 1:20-cv-7788 (MKV) (S.D.N.Y. April 26, 2021) (approving Lipsky's $400 rate); *Patrascu v. Frederic Fekkai New York LLC*, 1:19-cv-1376 (VEC) (S.D.N.Y. June 17, 2020) (same); *Owens v. Fresh Direct LLC*, 1:14-cv-1909 (VEC) (S.D.N.Y. Oct. 30, 2015) (approving one-third fee request in which, for lodestar purposes, Lipsky's hourly rate was $400); *Spencer v. No Parking Today, Inc., et al.*, No. 12-cv-6323 (ALC) (AJP), Dkt. No. 237 (S.D.N.Y. Feb. 20, 2015) (approving one-third fee request in which, for lodestar purposes, Lipsky's hourly rate was $400); *Ceka v. PBM/CMSI Inc.*, No. 12-cv-1711 (DAB), 2014 U.S. Dist. LEXIS 168169, *20 (S.D.N.Y. Dec. 2, 2014) (same).

Furthermore, Courts in this District have approved the rate requested here for attorneys of similar experience in FLSA matters. *See e.g., Hall v. ProSource Technologies, LLC*, 14-cv-2502 (SIL), 2016 U.S. Dist. LEXIS 53791 (E.D.N.Y. April 11, 2016) ("Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates and $70 to $100 per hour for paralegals."); *Alvarez v. Sterling Portfolio Inv. L.P.*, 2017 U.S. Dist. LEXIS 206043, at *20 (E.D.N.Y. Dec. 13, 2017) ("Recent decisions in this District have determined that $300-$400 per hour is the reasonable range within which partners or experienced attorneys may place their rates in typical FLSA cases").

Plaintiff requests an hourly rate of $325 for Milana Dostanitch, which is reasonable considering her background: she is an eighth-year associate who graduated in 2014 from Fordham University School of Law and has practiced exclusively in employment law since graduating; she is an Adjunct Professor at Fordham University School of Law, where she teaches trial preparation and courtroom presentation; and she is a Committee Member of the Labor and Employment Law Committee. Courts in the Eastern District have approved her at $300 per hour, which is slightly below the requested rate. *See Batista v. Heavy Construction Co., Inc. et al.*, No. 1:20-cv-03431 (RER), (E.D.N.Y. February 15, 2021) (approving Ms. Dostanitch's rate of $300 as reasonable in an FLSA matter); *Huziankou v.*

---

[19] Contemporaneous and near contemporaneous time records, Exhibit B.



The Honorable Eric N. Vitaliano
January 31, 2022
Page 11 of 13

*NY Sweet Spot Cafe Inc. et al.*, No. 1:18-cv-05715 (RER), Dkt. No. 53 (E.D.N.Y. October 9, 2020) (same); *Salvador v. Highland Int'l Transpo. Serv. Inc.*, 1:18-cv-5716 (SJB) (E.D.N.Y. July 25, 2019) (same). These decisions are consistent with what courts have approved for other attorneys with comparable experience. *See Ye Hong v. 7 Express Restaurant Corp.*, 17-cv-2174 (KAM)(JO), 2019 U.S. Dist. LEXIS 42847 (E.D.N.Y. March 14, 2019) ("Judges in this district generally award fees in cases like this [i.e. FLSA] based on the following hourly rates . . . $200.00 to $300.00 for senior associates"); *Alvarez*, 2017 U.S. Dist. LEXIS 206043, at *21 ("$200-$325 per hour are the reasonable ranges within which junior and senior associates respectively may place their rates in typical FLSA cases"); *Hall*, 2016 U.S. Dist. LEXIS 53791, at *39 (E.D.N.Y. Apr. 11, 2016) (approving $300 for a senior associate).

       2.    Counsel's fee request is further reasonable considering they regularly represent clients who pay them rates that are greater than the requested rates.

As the redacted engagement letters confirm, Plaintiff's Counsel often represents individuals and businesses who pay them hourly rates that exceed the requested rates: clients regularly agree to pay Mr. Lipsky $600 or more per hour and agree to pay Ms. Dostanitch $375 per hour. This further underscores the reasonableness of the requested rate, as it reflects the market rate for an attorney of her experience. *See Anthony v. Franklin First Fin., Ltd.*, No. 09-cv005578 (BSJ)(RLE), 2012 U.S. Dist. LEXIS 21730, at *8 (S.D.N.Y. Feb. 16, 2012) (the court "giving significant weight" to redacted engagement letters to approve the requested hourly rates); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 544 (S.D.N.Y. 2008) (explaining "the range of rates that Plaintiff's counsel actually charge their clients . . . is obviously strong evidence of what the market will bear").[20]

       3.    Counsel's fee request is further reasonable considering hourly rates are not stagnant.

These rates are further reasonable when considering hourly rates are not stagnant: they generally increase each year, resulting in the market rate for a Senior Associate in 2022 being greater than what it was in 2014. The average attorney hourly rates in New York, in fact, increased by 3% in 2021.[21] It accordingly follows that the hourly rates that were approved in earlier years do not reflect what those rates would be in today's market for someone with the same experience.

Putting this in context, 11 years ago, in *Luca v. Cty. of Nassau*, 698 F. Supp. 2d 296, 302 (E.D.N.Y. 2010), a court approved a partner's hourly rate of $400 in an FLSA matter. Adjusted for today, that rate would be $532[22], which is below the requested rate. And 7 years ago, in *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015),

---

[20] Engagement Letters (client names and matters have been redacted), Exhibit C.

[21] https://www.attorneyatwork.com/solo-and-small-firm-lawyer-hourly-rates/

[22] $400 x 1.03^11=$460.

a court approved a $300 hourly rate for an eighth year associate. Adjusted for today, that rate would be $363,[23] which is below the requested rate.

> ### 4. Counsel's fees are further reasonable considering the work done on this case.

After the lawsuit was filed, the parties completed limited formal and meaningful informal discovery and engaged in significant settlement talks, including a mediation.

> ### 5. Counsel's fees are further reasonable considering the division of labor between Partner and Associate

Ms. Dostanitch performed the majority of the work on this matter. This case is therefore not the situation where a partner does all of the work and seeks to be compensated for associate-level work. This firm was, rather, able to allocate the most cost-efficient resources to this case, while effectively representing the Plaintiff.

> ### 6. Counsel's fees are further reasonable considering their lodestar is greater than the requested fees.

Counsel's lodestar is $20,043.50. Counsel, however, seeks only $18,333.33 in fees, representing 91.5% of their fees.

> ### C. Lipsky Lowe Are Entitled to Their Expenses

Lipsky Lowe is entitled to recover its costs in additional to their reasonable fees. See 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663. These include reimbursement for, by way of example, filing fees and mediator fee. *See Marquez v. Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128, at *9 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server expenses); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage).

Here, while Counsel has $902.70 in expense, Counsel is seeking only $401.80 in expenses for the filing fee, mediator fee and process server fee.[24] Counsel should be reimbursed for them.

---

[23] $300 x 1.03^7=$363.
[24] Expense records, Exhibit D.





The Honorable Eric N. Vitaliano
January 31, 2022
Page 13 of 13

VII.    <u>Conclusion</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court approve the Agreement and award the requested attorneys' fees and expenses.

Respectfully submitted,
LIPSKY LOWE LLP


<u>s/ Milana Dostanitch</u>
Douglas B. Lipsky
Milana Dostanitch


CC:    Defense Counsel (Via ECF)

# EXHIBIT A

<u>NON-CONFIDENTIAL SETTLEMENT AGREEMENT AND LIMITED RELEASE</u>

This January 28, 2022 NON-CONFIDENTIAL SETTLEMENT AGREEMENT AND LIMITED RELEASE (the "Agreement") is made and entered into between Plaintiff Vadzim Kazadavenka ("Plaintiff") and Defendants Atlantic Adult Day Care Center Inc., Queens Borough Day Care, LLC and Dmitry Tsepenyuk ("Defendants") (collectively the "Parties").

WHEREAS, on June 6, 2021, Plaintiff filed a lawsuit in the U.S. District Court for the Eastern District of New York, Index No. 1:21-cv-03284-ENV-LB, that asserts Defendants (i) failed to pay him overtime premium pay, violating the Fair Labor Standards Act and New York Labor Law, (ii) failed to pay him minimum wage under the Labor Law, (iii) failed to pay him spread-of-hours pay under the Labor Law, (iv) failed to provide him with the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, (v) failed to provide him with the wage statements required under N.Y. Lab. Law § 195.3, and (vi) unlawfully misclassified him as an independent contractor (the "Action"); and

WHEREAS, Defendants have alleged in the Action that Plaintiff was at all times acting as an independent contractor and/or employee and/or agent of a third party, that there was no employer-employee relationship between Plaintiff and Defendants and alternatively they lawfully paid the Plaintiff and complied with their FLSA and Labor Law statutory obligations; and

WHEREAS, Defendants deny the allegations and claims that Plaintiff asserts in the Action and specifically deny that their conduct was in any way illegal, wrongful or improper; and

WHEREAS, the Parties now wish to amicably resolve the Action.

NOW, THEREFORE, in considering the promises and covenants contained in this Agreement, the Parties hereby agree as follows:

1.    <u>Dismissal of the Action.</u> Plaintiff agrees to dismiss the Action with prejudice. Plaintiff agrees, in that regard, to take all actions necessary to accomplish the dismissal with prejudice of the Action, including filing a motion with the Court seeking the approval of the Agreement.

2.    <u>Fully-Executed Agreement & Effective Date.</u>

a.    Within 5 calendar days of receiving from Plaintiff the executed Agreement, Defendants shall provide Plaintiff the fully-executed Agreement. When providing them the executed Agreement, Plaintiff shall provide Defendants IRS Forms W-9, completed by him and his Counsel, Lipsky Lowe LLP.

b.    This Agreement shall become effective and enforceable once the Parties have executed it and the Court enters its order approving it (the "Effective Date").

3.    <u>Limited Release of Claims.</u> Plaintiff, for the consideration set forth in this Agreement, which he acknowledges is adequate and satisfactory to him, hereby commits as follows.

Plaintiff hereby IRREVOCABLY AND UNCONDITIONALLY RELEASES, WAIVES AND FOREVER DISCHARGES Defendants, their present and former officers, shareholders, directors, executives, managers, employees and agents from any and all complaints, charges, causes of action, agreements, promises, liabilities, claims, demands, rights and entitlements of any kind whatsoever, in law or equity, whether known or unknown, asserted or un-asserted, fixed or contingent, apparent or concealed, which Plaintiff, his heirs, executors, administrators, successors or assigns ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever existing, arising or occurring at any time on or prior to the date he executes this Agreement in connection with Defendants employing him, that involve claims under the FLSA and Labor Law for not being paid for all hours worked, for not being paid overtime, for not being paid the minimum wage, for not being paid spread-of-hours pay, failing to provide him with the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, failing to provide him with the wage statements required under N.Y. Lab. Law § 195.3 and for being misclassified as an independent contractor. The released claims, under this paragraph, include all types of relief available for the above referenced theories of relief, including any claims for unpaid wages, minimum wage, unpaid overtime, spread-of-hours pay, gratuities, damages, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief (the "Released Claims").

4.    <u>Settlement Payment.</u> In consideration for the limited release in Paragraph 3 and the other promises made in this Agreement, Defendants will pay Plaintiff and Plaintiff's Counsel, within 15 days of the Agreement's Effective Date (defined in Paragraph 2.b), the total gross amount of $55,000.00 (the "Settlement Payment") as follows:

a.    $36,264.87 will be paid to Plaintiff by a check, without any withholdings, to be reflected on an IRS form Misc-1099 (with the information in Box 3) for payment of compensatory damages.

b.    A check in the amount of $18,735.13 payable to "Lipsky Lowe LLP" for attorneys' fees and costs, without any withholdings therefrom, to be reflected on an IRS form Misc-1099, for payment of attorneys' fees and costs incurred in this proceeding.

c.    The above payments shall be delivered to Lipsky Lowe LLP, at 420 Lexington Avenue, Suite 1830, New York, N.Y. 10170-1830, addressed to Douglas B. Lipsky.

d.    Plaintiff must ensure that any and all tax obligations relating to any untaxed payments made pursuant to this Agreement are properly filed and/or paid. Plaintiff shall be responsible for the payment of any taxes owed which are not withheld by Defendants from sums paid pursuant to 4(a). Lipsky Lowe LLP shall be responsible for the payment of any taxes owed which are not withheld by Defendants from sums paid pursuant to 4(b). Plaintiff shall not be responsible for payment of any taxes from sums received by Lipsky Lowe LLP pursuant to 4(b).

In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of any non-payment by Plaintiff, said taxes, interest, penalties or other liabilities shall be the sole obligation and liability of Plaintiff, who shall hold harmless, indemnify and Defendants and any other affected released parties.

      e.    Defendants shall send Plaintiff an IRS form Misc-1099 for the sum paid pursuant to 4(a), at the appropriate times. Defendants shall send Lipsky Lowe LLP an IRS form Misc-1099 for any sums paid pursuant to 4(b), at the appropriate times.

5.    <u>No Pending Claims.</u> Plaintiff represents and warrants that, besides the Action, he has no claims, charges or complaints against Defendants arising out of or relating to his employment with Defendants or his separation from Defendants before any federal, state or local court or agency.

6.    <u>Non-Disparagement and Neutral Job Reference.</u>

      a.    Plaintiff agrees that he shall not say or do anything, directly or indirectly, orally or in writing, that may criticize, disparage or reflect adversely on, or encourage any adverse action against Defendants. Plaintiff is, however, permitted to make truthful statements to third-parties, including governmental agencies, about his employment with Defendants and litigation of this Action. This includes being permitted to cooperate with any governmental investigation and to provide testimony in support of any investigation or case, and to tell non-governmental entities about what claims he asserted, the underlying allegations, what transpired during the Action and the result of the Action.

      b.    In responding to any inquiries from Plaintiff's prospective employers or other legitimate third-party entities, including any government entities or financial institutions, Defendants shall state only confirm Plaintiff's employment period and position. Plaintiff agrees to direct all employment verification inquiries to Dmitry Tsepenyuk, President, via email at dimo44ka@yahoo.com.

7.    <u>Court Approval and Non-Confidentiality of the Agreement.</u>

      a.    The Agreement's validity and enforceability is subject to the Court's approval. Accordingly, if for any reason the Court does not approve this Agreement, this Agreement shall be null and void and the Parties will return to the *status quo ante* prior to entering into this Agreement with respect to the Action, as if the Parties had never entered into this Agreement. In such event, the Agreement and all negotiations shall be without prejudice to the rights of any and all Parties to this Agreement, and any evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Action or otherwise. If the Court refuses to approve the Agreement, the Parties agree to work in good faith to resolve any issues the Court raises with the Agreement.

      b.    The Parties understand and acknowledge that this Agreement will be publicly filed on PACER and its terms are therefore not confidential.

8.    <u>No Admission.</u> Nothing contained in this Agreement, nor its consummation, nor any payments made under it, may be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants. Defendants specifically deny any liability and retain any and all defenses to the claims and any other claims arising under or related to any of the allegations in the Action if the Court does not approve the Agreement in its entirety.

9.    <u>Drafting.</u> Each Party acknowledges that they have cooperated fully in drafting and preparing this Agreement, and hence no rule of construction may be used to construe this Agreement against any Party by virtue of that Party's role in drafting this Agreement.

10.   <u>Modification.</u> This Agreement may not be changed orally, and no modification, amendment or waiver of any provision contained in this Agreement, or any future representation, promise or condition in connection with the subject matter of this Agreement, shall be binding upon any party hereto unless made in writing and signed by all Parties.

11.   <u>Integrated Document.</u> This Agreement contains the entire agreement and complete settlement by and among the Parties and supersedes any and all previous agreements of any kind whatsoever between them, whether written or oral, regarding the claims being released in this Agreement. All prior and contemporaneous discussions and negotiations have been and are merged and integrated into, and are superseded by, this Agreement. This is an integrated document.

12.   <u>Severability.</u> The provisions of this Agreement are severable, and if any part of it is found to be unlawful or unenforceable, the other provisions of this Agreement shall remain fully valid and enforceable to the maximum extent consistent with applicable law, except that if Paragraph 3 is invalidated, this Agreement shall be null and void.

13.   <u>Governing Law and Prevailing Party.</u> This Agreement is made and entered into, and shall be subject to, governed by, and interpreted in accordance with the laws of State of New York and shall be fully enforceable in the state or federal courts of that state, without regard to conflicts of law principles. The Parties also consent to the service of process, pleadings, notices or other papers by any method of service approved by the state and/or federal courts in New York. The prevailing party in seeking to enforce the terms of this Agreement, including post-judgment discovery, shall be entitled to its reasonable attorneys' fees and expenses.

14.   <u>Non-assignment.</u> Neither this Agreement nor any portion hereof is assignable. The Parties represent, warrant and covenant that they have not previously assigned or transferred, or purported to assign or transfer, to any individual or entity, any of the rights, claims, demands or causes of action being released herein, and agree that no such assignment or transfer may occur without a written consent executed by the Parties, and any attempt to do so shall be void.



15. <u>Notices.</u> Any notices or documents that are contemplated under this Agreement should be directed to the Parties' respective counsel:

Douglas Lipsky                    Melvin B. Berfond, Esq/
Milana Dostanitch                 277 Broadway, Suite 810
LIPSKY LOWE LLP                   New York, New York 10007
420 Lexington Avenue, Suite 1830  212.385.4800
New York, New York 10170          mberfond@berfondlaw.com
212.392.4772                      *Defendants' Counsel*
doug@lipskylowe.com
milana@lipskylowe.com
*Plaintiff's Counsel*

16. <u>Authority and Capacity to Bind.</u> By signing this Agreement, each party represents that they are competent to do so, have the authority to be bound under this Agreement, and intend to be bound by its terms.

17. <u>Counterparts and Electronic Signatures.</u> This Agreement may be executed in counterparts and, when combined, all counterparts will constitute one complete document. Signatures via DocuSign and those transmitted by email or fax may be used in lieu of an originally signed Agreement.

18. <u>COVID 19 Pandemic.</u> The ongoing COVID-19 pandemic shall not excuse Defendants' failure to fulfill their obligations under Paragraph 2.

19. <u>Reservation of Jurisdiction.</u> Notwithstanding the dismissal of this Action and, the Court shall retain jurisdiction for purposes of interpreting and enforcing the terms of this Agreement.

20. <u>Voluntary and Knowing Agreement.</u> Plaintiff acknowledges that he has voluntarily executed this Agreement. Plaintiff is advised to obtain the advice of any attorney or other representative of his choice, unrelated to Defendants, prior to executing this Agreement. Plaintiff acknowledges that he has had the opportunity to obtain legal advice prior to executing this Agreement, or that he knowingly and voluntarily has chosen not to do so. Further, Plaintiff acknowledges that he has a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

Dated: _01/25/2022_, New York
         January 25, 2022

_VADZIM KAZADAVENKA_
VADZIM KAZADAVENKA

Dated: _____, New York
         January __, 2022

ATLANTIC ADULT DAY CARE CENTER INC.

_____

By: _____
     (On behalf of Atlantic Adult Day Care Center Inc.)
Title: _____

Dated: _____, New York
         January __, 2022

QUEENS BOROUGH DAY CARE, LLC

_____

By: _____
     (On behalf of Queens Borough Day Care, LLC)
Title: _____

Dated: _____, New York
         January __, 2022

_____
DMITRY TSEPENYUK (As an individual)

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

Dated: _____, New York
        January __, 2022


_____
VADZIM KAZADAVENKA

Dated: _____, New York
        January __, 2022  1/31/2022

ATLANTIC ADULT DAY CARE CENTER INC.

*DMITRY TSEPENYUK*
0C18A58F403441F...

        DMITRY TSEPENYUK
By: _____
   (On behalf of Atlantic Adult Day Care Center Inc.)
Title: __president_____

Dated: _____, New York
        January __, 2022  1/31/2022

QUEENS BOROUGH DAY CARE, LLC

*DMITRY TSEPENYUK*
0C18A58F403441F...

        DMITRY TSEPENYUK
By: _____
   (On behalf of Queens Borough Day Care, LLC)
Title: __president_____

Dated: _____, New York
        January __, 2022  1/31/2022

*DMITRY TSEPENYUK*
DMITRY TSEPENYUK (As an individual)

# EXHIBIT B

# Activities Export

01/30/2022
9:25 AM

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 10/18/2019 | 🕐 | Office conference with potential client, perform full intake,assess potential Labor Law and FLSA claims, misclassification claims, translate retainer agreement and client rights into Russia, answer questions about contingency fee and case strategy.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 4.40h | 325.00 | - | 1,430.00 |
| 10/02/2020 | 🕐 | Teleconference with client wanting to start his case, discussed timing considerations and case strategy.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.40h | 325.00 | - | 130.00 |
| 11/03/2020 | 🕐 | Correspondence with Vadim about status of the case and case strategy.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 11/18/2020 | 🕐 | Teleconference with client about other potential clients joining the case (0.1); teleconference with a potential class member about joining the cas (0.4).<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.50h | 325.00 | - | 162.50 |
| 11/19/2020 | 🕐 | Called five potential plaintiffs to join the case, perform two separate intakes (1.2); drafted email to client updating him about the same (0.1).<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 1.30h | 325.00 | - | 422.50 |
| 11/20/2020 | 🕐 | Intake with a putative class member/driver from Atlantic Day Care (0.3). | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.30h | 325.00 | - | 97.50 |

|  |  |  |  |  |  |  | **$0.00**<br>0.0h | **$20,946.20**<br>59.9h |

# Activities Export

01/30/2022
9:25 AM

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | ● Unbilled | | | | | | |
| 12/07/2020 | 🕐 | Correspondence with Plaintiff about drafting the complaint. ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 12/09/2020 | 🕐 | Correspondence to client scheduling a call for Friday. ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 12/11/2020 | 🕐 | Teleconference with client about him being a named plaintiff in case, went over options (0.6); made a plan of action to speak to putative class members to take his role; reviewed the file (0.3) ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.90h | 325.00 | - | 292.50 |
| 12/11/2020 | 🕐 | Teleconference with D. Lipsky about status of the case and client's considerations. ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.60h | 325.00 | - | 195.00 |
| 12/15/2020 | 🕐 | Correspondence with Douglas Lipsky about cases status. ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 01/14/2021 | 🕐 | Teleconference with client about his continued represenation (0.1). ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 01/21/2021 | 🕐 | Correspondence with M Dostanitch on case status and strategy. ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 0.20h | 415.00 | - | 83.00 |
| | | | | | | | **$0.00** 0.0h | **$20,946.20** 59.9h |

2/14

# Activities Export

01/30/2022
9:25 AM

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 01/25/2021 | 🕐 | Correspondence with Plaintiff about starting his case; saved email confirming he has been advised of risks to the file; updated evernote.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 03/31/2021 | 🕐 | Correspondence with client about teleconference.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 04/02/2021 | 🕐 | Drafted complaint; reviewed client documents and intake notes.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 2.70h | 325.00 | - | 877.50 |
| 04/07/2021 | 🕐 | Correspondence with client about his complaint.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 04/08/2021 | 🕐 | Drafted complaint; Correspondence with client about second location; correspondence with D.Lipsky about misclassification and spread of hours claims.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 04/08/2021 | 🕐 | Researched Hospitality Wage Order; Correspondence with D.Lipsky about wage order.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.30h | 325.00 | - | 97.50 |
| 04/08/2021 | 🕐 | Analyze misclassification arguments.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 0.30h | 415.00 | - | 124.50 |
| | | | | | | | **$0.00** | **$20,946.20** |
| | | | | | | | 0.0h | 59.9h |

# Activities Export

01/30/2022
9:25 AM

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 04/28/2021 | 🕐 | Correspondence with client about Defendants' other business. <br> 🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 05/10/2021 | 🕐 | Researched second defendant entity; drafted complaint. <br> 🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 1.30h | 325.00 | - | 422.50 |
| 05/11/2021 | 🕐 | Drafted complaint; researched defendant entities. <br> 🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 5.50h | 325.00 | - | 1,787.50 |
| 05/16/2021 | 🕐 | Review and revise complaint. <br> 🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 1.40h | 415.00 | - | 581.00 |
| 05/18/2021 | 🕐 | Researched taxicab exemption; drafted complaint; correspondence with D.Lispky about the complaint. <br> 🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 2.50h | 325.00 | - | 812.50 |
| 05/18/2021 | 🕐 | Correspondence with D.Lipsky about complaint; Drafted complaint; sent complaint to client for review. <br> 🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.20h | 325.00 | - | 65.00 |
| 05/18/2021 | 🕐 | Review M Dostanitch's revisions to the complaint. <br> 🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 0.30h | 415.00 | - | 124.50 |
| 06/03/2021 | 🕐 | Correspondence with client about complaint. <br> 🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.50h | 325.00 | - | 162.50 |
| | | | | | | | **$0.00** <br> 0.0h | **$20,946.20** <br> 59.9h |

# Activities Export

01/30/2022
9:25 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 06/08/2021 | 🕐 | Correspondence with D.Lipsky and C.Espinal about filing of the complaint; correspondence with client about the complaint.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.30h | 325.00 | – | 97.50 |
| 06/08/2021 | 🕐 | Review complaint; correspondence with M Dostanitch on communications with client on next steps.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 0.20h | 415.00 | – | 83.00 |
| 06/09/2021 | 🕐 | Review summons and civil cover sheet; correspondence with C.Espinal about filing the complaint.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.20h | 325.00 | – | 65.00 |
| 06/10/2021 | 🕐 | Correspondence with C.Espinal about filing the complaint.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | – | 32.50 |
| 06/10/2021 | $ | Filing fee<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 1.00 | 402.00 | – | 402.00 |
| 06/23/2021 | 🕐 | Review status of the case; correspondence with C.Espinal about status of service; correspondence with client.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | – | 32.50 |
| 06/25/2021 | $ | Process server fee re Atlantic Adult Day Care<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 1.00 | 66.90 | – | 66.90 |
| | | | | | | | **$0.00**<br>0.0h | **$20,946.20**<br>59.9h |

# Activities Export

01/30/2022
9:25 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 06/25/2021 | $ | Process server fee re Queens Borough ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 1.00 | 66.90 | - | 66.90 |
| 06/25/2021 | $ | Process server fee re Dmity Tsepenyk ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 1.00 | 66.90 | - | 66.90 |
| 07/12/2021 | ◷ | Research defense counsel. ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 0.20h | 415.00 | - | 83.00 |
| 07/13/2021 | ◷ | Analyze correspondence from opposing counsel about extension for time to answer. ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 08/17/2021 | ◷ | Review order on discovery in FLSA cases. ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 0.20h | 415.00 | - | 83.00 |
| 08/20/2021 | ◷ | Review Court Order August 17, 2021 regarding discovery and scheduling. ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.20h | 325.00 | - | 65.00 |
| 08/20/2021 | ◷ | Teleconference with client about status of the case 08/17/2021 Court Order pretaining to discovery. ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.20h | 325.00 | - | 65.00 |
| 09/29/2021 | ◷ | Teleconference with client for discovery responses and review of file for relevant documents to be | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.60h | 325.00 | - | 195.00 |
| | | | | | | | **$0.00** 0.0h | **$20,946.20** 59.9h |

# Activities Export

01/30/2022
9:25 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | produced.<br>🔵 Unbilled | | | | | | |
| 09/29/2021 | 🕐 | Review and analyze court order regarding parties' discovery schedule (0.1); draft Plaintiff's discovery responses (1.5).<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 1.60h | 325.00 | - | 520.00 |
| 09/29/2021 | 🕐 | Analyze hours worked and wages paid for damage calculations (0.1); Draft damage calculations (0.1); Correspondence with D.Lipsky about damage calculations (0.1).<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.30h | 325.00 | - | 97.50 |
| 09/30/2021 | 🕐 | Teleconference to follow up with client about sending over any documents and photographs he has in his possession for discovery.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 10/01/2021 | 🕐 | Teleconference with D.Lipsky about damage calculations and discovery (0.2); Calculate Damage (0.9)<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 1.10h | 325.00 | - | 357.50 |
| 10/01/2021 | 🕐 | Teleconference with client about documents and damage calculations (0.1); correspondence with C.Espinal about preparing documents for production (0.1); correspondence with D.Lipsky (0.1.). | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.30h | 325.00 | - | 97.50 |
| | | | | | | | **$0.00**<br>0.0h | **$20,946.20**<br>59.9h |

# Activities Export

01/30/2022
9:25 AM

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | ● Unbilled | | | | | | |
| 10/01/2021 | 🕐 | Review documents for production (0.5); correspondence with C. Espinal (0.1)<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.50h | 325.00 | - | 162.50 |
| 10/01/2021 | 🕐 | Review document production (0.5); correspondence with C.Espinal about document production (0.3); correspondence with D.Lipsky about discovery responses and document production (0.1).<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.90h | 325.00 | - | 292.50 |
| 10/01/2021 | 🕐 | Analyze damages calculations; review discovery responses<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 0.20h | 415.00 | - | 83.00 |
| 10/04/2021 | 🕐 | Review and revise discovery responses.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 0.40h | 415.00 | - | 166.00 |
| 10/04/2021 | 🕐 | Drafted correspondence to opposing counsel; Draft and prepare documents, damage calculations and Plaintiff's responses for production.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.20h | 325.00 | - | 65.00 |
| 10/18/2021 | 🕐 | Correspondence with D.Lipsky about damages (0.1); review and analyze correspondence with opposing counsel and Judge's Scheduling Order (0.1). | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.20h | 325.00 | - | 65.00 |
| | | | | | | | **$0.00**<br>0.0h | **$20,946.20**<br>59.9h |

# Activities Export

01/30/2022
9:25 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | ● Unbilled | | | | | | |
| 10/21/2021 | 🕐 | Correspondence with D.Lipsky about settlement offer.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 11/05/2021 | 🕐 | Correspondence with opposing counsel about proposed mediators.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 11/09/2021 | 🕐 | Correspondence with D.Lipsky about mediator selection.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 11/29/2021 | 🕐 | Correspondence with client about mediation session.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 12/03/2021 | 🕐 | Correspondence with client about the mediation.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 12/03/2021 | 🕐 | Drafted mediation statement (3.5); conducted damage calculations (0.5); office conference and correspondence with D.Lipsky about mediation statement (0.2).<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 4.20h | 325.00 | - | 1,365.00 |
| 12/05/2021 | 🕐 | Review and revise mediation statement.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 2.20h | 415.00 | - | 913.00 |
| 12/06/2021 | 🕐 | Drafted mediation statement (0.1); teleconference with client about | 01284-Kazadavenko Kazadavenko v. Atlantic | Milana Dostanitch | 0.40h | 325.00 | - | 130.00 |
| | | | | | | | **$0.00**<br>0.0h | **$20,946.20**<br>59.9h |

# Activities Export

01/30/2022
9:25 AM

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | mediation and initial demand (0.2); correspondence with D.Lipsky about payment to the mediator and mediation statement (0.1).<br>🔵 Unbilled | Adult Day Care | | | | | |
| 12/07/2021 | 🕐 | Correspondence with mediator about the mediation statement.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 12/16/2021 | 🕐 | Prepared for call with mediation (0.2); telephone call with mediator (0.5); correspondence with D.Lipsky about mediation and payment (0.1).<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.80h | 325.00 | - | 260.00 |
| 12/20/2021 | 🕐 | Videoconference with client preparing him for mediation (0.8); correspondence with client about mediation (0.1); Teleconference with client about Zoom (0.1).<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 1.00h | 325.00 | - | 325.00 |
| 12/21/2021 | 🕐 | Prepared for mediation (0.5); teleconference with client about the mediation (0.2); teleconference with D.Lipsky about the mediation (0.2); conducted mediation with mediator and client (5.8); debriefed with client (0.2); correspondence with mediator about memorandum of understanding and confidentiality agreement (0.2); correspondence with C.Espinal about confidentiality agreement | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 7.20h | 325.00 | - | 2,340.00 |
| | | | | | | | **$0.00**<br>0.0h | **$20,946.20**<br>59.9h |

# Activities Export

01/30/2022
9:25 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | (0.1).<br>● Unbilled | | | | | | |
| 01/12/2022 | 🕐 | Draft settlement agreement.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 1.30h | 325.00 | - | 422.50 |
| 01/12/2022 | 🕐 | Draft settlement agreement<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.30h | 325.00 | - | 97.50 |
| 01/12/2022 | 🕐 | Draft motion for settlement approval (3.9); draft damage calculations (0.5).<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 4.40h | 325.00 | - | 1,430.00 |
| 01/13/2022 | 🕐 | Correspondence with the mediator about the invoice for mediation.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 01/13/2022 | $ | Invoice.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 1.00 | 300.00 | - | 300.00 |
| 01/13/2022 | 🕐 | Correspondence with opposing counsel about settlement agreement.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 01/13/2022 | 🕐 | Correspondence with D.Lipsky about mediator about mediation invoice.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 01/13/2022 | 🕐 | Correspondence with opposing | 01284-Kazadavenko | Milana | 0.10h | 325.00 | - | 32.50 |
| | | | | | | | **$0.00**<br>0.0h | **$20,946.20**<br>59.9h |

# Activities Export

01/30/2022
9:25 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|------|-------------|--------|------|-----|----------|------------------|--------------|
| | | counsel about motion for settlement approval.<br>● Unbilled | Kazadavenko v. Atlantic Adult Day Care | Dostanitch | | | | |
| 01/19/2022 | 🕐 | Correspondence with opposing counsel about status of the settlement agreement and motion for settlement approval.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 01/20/2022 | 🕐 | Teleconference with opposing counsel about settlement agreement.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 01/20/2022 | 🕐 | Teleconferene with opposing counsel about settlement agreement and motion for settlement approval.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 01/24/2022 | 🕐 | Correspondence with opposing counsel about settlement agreement.<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 01/27/2022 | 🕐 | Draft settlement agreement and motion for settlement approval (0.4); correspondence with D.Lipsky about settlement agreement and motion for settlement approval. (0.1).<br>● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.50h | 325.00 | - | 162.50 |
| 01/27/2022 | 🕐 | Review and analyze settlement | 01284-Kazadavenko | Douglas | 0.40h | 415.00 | - | 166.00 |
| | | | | | | | **$0.00**<br>0.0h | **$20,946.20**<br>59.9h |

12/14

# Activities Export

01/30/2022
9:25 AM

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|--------|------|-------------|--------|------|-----|----------|------------------|--------------|
| | | agreement.<br>🔵 Unbilled | Kazadavenko v. Atlantic Adult Day Care | Lipsky | | | | |
| 01/28/2022 | 🕐 | Correspondence with D.Lipsky about settlement agreement and motion for settlement approval (0.1); Draft settlement agreement and motion for settlement approval (0.1); Correspondence with opposing counsel about settlement agreement and motion for settlement approval (0.2).<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.40h | 325.00 | - | 130.00 |
| 01/28/2022 | 🕐 | Translated settlement agreement into Russian and went over the settlement agreement with client (0.9); correspondence with opposing counsel about the settlement agreement (0.1); correspondence with C.Espinal about the settlement agreement (0.1).<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 1.10h | 325.00 | - | 357.50 |
| 01/28/2022 | 🕐 | Review billing for the motion for settlement agreement approval.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.40h | 325.00 | - | 130.00 |
| 01/28/2022 | 🕐 | Correspondence with C.Espinal about motion for settlement approval.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Milana Dostanitch | 0.10h | 325.00 | - | 32.50 |
| 01/28/2022 | 🕐 | Draft motion for settlement approval (0.5); correspondence | 01284-Kazadavenko Kazadavenko v. Atlantic | Milana Dostanitch | 0.60h | 325.00 | - | 195.00 |

|  |  |  |  |  |  |  | **$0.00**<br>0.0h | **$20,946.20**<br>59.9h |

# Activities Export

01/30/2022
9:25 AM

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | with C.Espinal and D.Lipsky about the motion for settlement approval (0.1).<br>🔵 Unbilled | Adult Day Care | | | | | |
| 01/28/2022 | 🕐 | Review Cheeks motion.<br>🔵 Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 0.40h | 415.00 | - | 166.00 |
| | | | | | | **$0.00**<br>0.0h | | **$20,946.20**<br>59.9h |

14/14

# EXHIBIT C

DocuSign Envelope ID: 11A9D7E2-F9C4-48C8-9D06-03314E80647F



Douglas B. Lipsky

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main: 212.392.4772
Direct: 212.444.1024
Fax: 212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

July 9, 2021

<u>VIA EMAIL (</u>██████████████ <u>& DOCUSIGN</u>



Re:    <u>Engagement Letter Agreement</u>

Dear ██████████,

Thank you for selecting Lipsky Lowe LLP to represent ██████████ This Engagement Letter Agreement confirms the terms of our attorney-client relationship, subject to our duties of professional responsibility.

1.    <u>Scope of Engagement.</u>  You have retained the Firm to represent ██████ ████████████████████████████████████ (the "Matter"). The terms of this Agreement will govern any subsequent matters for which you retain the Firm, unless otherwise communicated.

2.    <u>Fees, Costs and Billing.</u>

The fees and costs for the Matter are unpredictable. Any fees and costs we might have previously discussed are therefore only estimates.

a.    It is agreed that you will compensate us for services based on the time devoted to the Matter at the hourly rates this Firm charges: my hourly rate is $600; Milana Dostanich and Sara Isaacson's (Senior Associates) rate is $375; Alfons D'Auria's (Junior Associate) rate is $300; and our paralegal's rate is $115. We will advise you prior to any rate changes. We will bill you for support services, such as postage and filing fees.

b.    Invoices are normally sent to you each month and reflect the services and costs incurred the previous month. Payment is due promptly upon receipt. We are entitled to assess a late charge of 2.0% per month on any outstanding balance older than 60 calendar days.

Initial Here: ___█████████___

DocuSign Envelope ID: 11A9D7E2-F9C4-48C8-9D06-03314E80647F

# LIPSKY LOWE LLP

AN EMPLOYMENT LAW FIRM

July 9, 2021
Page 2 of 4

3.    <u>Replenishing Retainer.</u>  The Firm's representation will commence when we receive a $10,000 retainer. These funds will be deposited in our client trust account, and we will draw against these funds to satisfy our monthly invoices, copies of which will be sent to you for your information. Upon depleting all or any portion of the retainer, we will so advise you, and you agree to pay any and all amounts you owe that are in excess of the depleted retainer (if applicable) and to restore the retainer to the amount provided hereinabove.

4.    <u>Termination of Representation.</u>

a.    Either of us may terminate this Agreement at any time for any reason by written notice (including by email). The Firm is subject to applicable rules of professional conduct when terminating a client engagement. If we terminate the engagement, the Firm will take all reasonable and practical steps to protect your interests in the Matter and, at your request, suggest possible new counsel.

b.    Subject to the applicable rules of professional conduct, if you terminate this Agreement prior to the matter being resolved, you remain responsible for fees and costs to date in the matter.

5.    <u>Authority to Bind.</u>  By signing this Agreement, you are confirming you have the authority to bind LMD Residential, Inc. to the terms of this Agreement.

6.    <u>Disposition of Files and Records.</u>  We will retain our own files pertaining to the Matter, including material prepared by or for the internal use of our attorneys. The Firm has internal policies that determine the retention periods for closed files. You understand and acknowledge that the Firm utilizes Internet cloud-based methods of document storage and related systems (*e.g.*, Dropbox), and you hereby agree that such methods are acceptable to you, and you disclaim any rights or remedies you may have with respect to any failure of such methods not due to the negligence or misconduct of the Firm.

7.    <u>Communication.</u>  Either at the beginning or during representation, we might express opinions or beliefs concerning the Matter and the results that might be anticipated. Any such statement made by us is an expression of opinion only; it is not a promise or guarantee of results.

8.    <u>Statement of Client's Rights and Responsibilities (Enclosures).</u>  Enclosed with this Agreement are the Statement of Client's Rights and Statement of Client's Responsibilities. All New York-based attorneys are legally required to provide these documents to their clients.

Initial Here: 

DocuSign Envelope ID: 11A9D7E2-F9C4-48C8-9D06-03314E80647F



July 9, 2021
Page 3 of 4

9.    <u>Arbitration</u>

Any dispute over fees and/or costs (a "Dispute") will be submitted to and settled exclusively by binding arbitration, in accordance with the provisions of this Paragraph, subject only to any applicable requirement of law that the parties engage in a preliminary non-binding mediation or arbitration regarding fee disputes. Binding arbitration shall be conducted in accordance with the Judicial Arbitration and Mediation Service Streamlined Rules & Procedures (the "JAMS Rules") and governed under New York law. Arbitration shall be held in the County of New York, Borough of Manhattan, before an arbitrator selected pursuant to the JAMS Rules who will have no personal or pecuniary interest, either directly or indirectly, from any business or family relationship with either of the parties. All decisions of the arbitrator will be final, binding, and conclusive on the parties.

The parties will equally share the costs of the arbitrator and the arbitration fee (if any). Each party will bear that party's own attorneys' fees and costs, and the prevailing party will not be entitled to reimbursement by the other party of any of its fees or costs incurred in connection with the arbitration hereunder, regardless of any rule to the contrary in the applicable arbitration rules. Either party may seek confirmation of the arbitration award in the Supreme Court of the State of New York in New York County, and each party hereby consents to the exclusive jurisdiction and venue of the Supreme Court of the State of New York, in New York County in any claim or action arising hereunder. By signing this Agreement containing this provision, you agree to waive any and all rights to a jury trial regarding any Dispute. You also waive your rights under Part 137 of the Rules of the Chief Administrator of the Courts of New York to mediate and/or arbitrate any fee dispute if the fee is between $1,000 and $50,000 and to commence an action for review in a court of competent jurisdiction if the award aggrieves you.

By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (i.e., waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.

Initial Her

DocuSign Envelope ID: 11A9D7E2-F9C4-48C8-9D06-03314E80647F



July 9, 2021
Page 4 of 4

Please confirm your approval of this Agreement by returning to us a signed and initialed copy via DocuSign. If you have any questions, or if this Agreement does not accurately set forth our arrangement, please let me know.

Very truly yours,
LIPSKY LOWE LLP


<u>s/ Douglas B. Lipsky</u>
Douglas B. Lipsky

Enclosures


AGREED AND ACCEPTED:

7/9/2021
_____
(Date)

Initial Here: _____



Douglas B. Lipsky

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main: 212.392.4772
Direct: 212.444.1024
Fax: 212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

July 21, 2020

<u>VIA EMAIL</u>



Re:     <u>Engagement Letter Agreement</u>

Dear Thomas and Charles:

Thank you for selecting Lipsky Lowe LLP to represen▮▮▮▮▮▮▮▮▮▮and you. This Engagement Letter Agreement confirms the terms of our attorney-client relationship.

1.     <u>Scope of Engagement.</u>   You have retained the Firm to represent▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮(the "Matter"). The Firm's primary role in the Matter is to serve as local counsel. The terms of this Agreement will govern any subsequent matters for which you retain the Firm, unless otherwise communicated.

2.     <u>Fees, Costs and Billing.</u>

The fees and costs for the Matter are unpredictable. Any fees and costs we might have previously discussed are therefore only estimates.

a.     It is agreed that you will compensate us for services based on the time devoted to the Matter at the hourly rates this Firm charges: my hourly rate is $650; Milana Dostanich and Sara Isaacson's (Associates) is $375; and Lynette Garcia's (Paralegal) rate is $85. These rates may change from time-to-time. We will advise you prior to any rate changes. We will bill you for support services, such as postage and messenger service.

b.     Invoices are normally sent to you each month and reflect the services and costs incurred the previous month. Payment is due promptly upon receipt.

Initial Here: ▮▮▮▮▮▮▮ _____





July 21, 2020
Page 2 of 4

We are entitled to assess a late charge of 2.0% per month on any outstanding balance older than 60 calendar days.

3.    Replenishing Retainer.  The Firm's representation will commence when we receive a $5,000 retainer. These funds will be deposited in our client trust account, and we will draw against these funds to satisfy our monthly invoices, copies of which will be sent to you for your information. Upon depleting all or any portion of the retainer, we will so advise you, and you agree to pay any and all amounts you owe that are in excess of the depleted retainer (if applicable) and to restore the retainer to the amount provided hereinabove.

4.    Termination of Representation.

a.    Either of us may terminate this Agreement at any time for any reason by written notice (including by email). The Firm is subject to applicable rules of professional conduct when terminating a client engagement. If we terminate the engagement, the Firm will take all reasonable and practical steps to protect your interests in the Matter and, at your request, suggest possible new counsel.

b.    Subject to the applicable rules of professional conduct, if you terminate this Agreement prior to the matter being resolved, you remain responsible for fees and costs to date in the matter.

c.    Authority to Bind.  By signing this Agreement, you are confirming you have the authority to bind Kokua to the terms of this Agreement.

5.    Disposition of Files and Records.  We will retain our own files pertaining to the Matter, including material prepared by or for the internal use of our attorneys. The Firm has internal policies that determine the retention periods for closed files. You understand and acknowledge that the Firm utilizes Internet cloud-based methods of document storage and related systems (*e.g.*, Dropbox), and you hereby agree that such methods are acceptable to you, and you disclaim any rights or remedies you may have with respect to any failure of such methods not due to the negligence or misconduct of the Firm.

6.    Communication.  Either at the beginning or during representation, we might express opinions or beliefs concerning the Matter and the results that might be anticipated. Any such statement made by us is an expression of opinion only; it is not a promise or guarantee of results.

7.    Statement of Client's Rights and Responsibilities (Enclosures).  Enclosed with this Agreement are the Statement of Client's Rights and Statement of Client's Responsibilities. All New York-based attorneys are legally required to provide these documents to their clients.

Initial Here: _____





July 21, 2020
Page 3 of 4

8.     <u>Arbitration</u>

Any dispute over fees and/or costs (a "Dispute") will be submitted to and settled exclusively by binding arbitration, in accordance with the provisions of this Paragraph, subject only to any applicable requirement of law that the parties engage in a preliminary non-binding mediation or arbitration regarding fee disputes. Binding arbitration shall be conducted in accordance with the Judicial Arbitration and Mediation Service Streamlined Rules & Procedures (the "JAMS Rules") and governed under New York law. Arbitration shall be held in the County of New York, Borough of Manhattan, before an arbitrator selected pursuant to the JAMS Rules who will have no personal or pecuniary interest, either directly or indirectly, from any business or family relationship with either of the parties. All decisions of the arbitrator will be final, binding, and conclusive on the parties.

The parties will equally share the costs of the arbitrator and the arbitration fee (if any). Each party will bear that party's own attorneys' fees and costs, and the prevailing party will not be entitled to reimbursement by the other party of any of its fees or costs incurred in connection with the arbitration hereunder, regardless of any rule to the contrary in the applicable arbitration rules. Either party may seek confirmation of the arbitration award in the Supreme Court of the State of New York in New York County, and each party hereby consents to the exclusive jurisdiction and venue of the Supreme Court of the State of New York, in New York County in any claim or action arising hereunder. By signing this Agreement containing this provision, you agree to waive any and all rights to a jury trial regarding any Dispute. You also waive your rights under Part 137 of the Rules of the Chief Administrator of the Courts of New York to mediate and/or arbitrate any fee dispute if the fee is between $1,000 and $50,000 and to commence an action for review in a court of competent jurisdiction if the award aggrieves you.

By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (i.e., waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.

Initial Here: _____



July 21, 2020
Page 4 of 4

     Please confirm your approval of this Agreement by returning to us a signed and initialed copy. If you have any questions, or if this Agreement does not accurately set forth our arrangement, please let me know.

                Very truly yours,
                LIPSKY LOWE LLP


                <u>s/ Douglas B. Lipsky</u>
                Douglas B. Lipsky

Enclosures


AGREED AND ACCEPTED:

_____
7/27/2020
(Date)


AGREED AND ACCEPTED:

_____
7/27/2020
(Date)

Initial Here: _____

DocuSign Envelope ID: DF19F3DA-CBFD-49FE-AEEA-E718A5B58AA7



Douglas B. Lipsky

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main:  212.392.4772
Direct:  212.444.1024
Fax:  212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

September 26, 2019

<u>VIA DOCUSIGN & EMAI</u> ███████

███████

Re:    <u>Engagement Letter Agreement</u>

Dear ███

Thank you for selecting Lipsky Lowe LLP to represent you. This Engagement Letter Agreement ("Agreement") confirms the terms of our attorney-client relationship.

1.    Scope of Engagement.  You have retained the Firm to ███████ (the "Matter").

2.    <u>Fees, Costs and Billing.</u>  The fees and costs for the Matter are unpredictable. Any fees and costs we might have previously discussed are therefore only estimates.

a.    It is agreed that you will compensate us for services based on the time devoted to the Matter at the hourly rates this Firm charges: my hourly rate is $650; Sara Issacson's (Associate) is $350; and our paralegal's rate is $85. These rates may change from time-to-time. We will advise you prior to any rate changes. I will have primary responsibility for your matter.

b.    We will bill you for support services, such as postage and messenger service. Invoices are normally sent to you each month and reflect the services and costs incurred the previous month. Payment is due promptly upon receipt. We are entitled to assess a late charge of 2.0% per month on any outstanding balance older than 60 calendar days.

3.    <u>Termination of Representation</u>

a.    Either of us may terminate this Agreement at any time for any reason by written notice (including by email). The Firm is subject to applicable rules of professional conduct when terminating a client engagement. If we terminate the ███████

Initial Here: ███████

DocuSign Envelope ID: DF19F3DA-CBFD-49FE-AEEA-E718A5B58AA7





September 26, 2019
Page 2 of 3

engagement, the Firm will take all reasonable and practical steps to protect your interests in the Matter and, at your request, suggest possible new counsel.

b.      Subject to the applicable rules of professional conduct, if you or the Firm terminate this Agreement prior to the Matter being resolved, you remain responsible for fees and costs to date.

4.      <u>Disposition of Files and Cloud-Based Storage</u>

a.      We will retain our own files pertaining to the Matter, including material prepared by or for the internal use of our attorneys. The Firm has internal policies that determine the retention periods for closed files.

b.      You understand and acknowledge that the Firm utilizes Internet cloud-based methods of document storage and related systems (*e.g.*, Dropbox), and you hereby agree that such methods are acceptable to you, and you disclaim any rights or remedies you may have with respect to any failure of such methods not due to the negligence or misconduct of the Firm.

5.      <u>Communication.</u>      Either at the beginning or during representation, we might express opinions or beliefs concerning the Matter and the results that might be anticipated. Any such statement made by us is an expression of opinion only; it is not a promise or guarantee of results. Also, by signing this, you are consenting to this Firm emailing you future marketing materials.

6.      <u>Statement of Client's Rights and Responsibilities (Enclosures).</u>      Enclosed with this Agreement are the Statement of Client's Rights and Statement of Client's Responsibilities. All New York-based attorneys are legally required to provide these documents to their clients.

7.      <u>Arbitration.</u>      Any dispute over fees and/or costs (a "Dispute") will be submitted to and settled exclusively by binding arbitration, in accordance with the provisions of this Paragraph, subject only to any applicable requirement of law that the parties engage in a preliminary non-binding mediation or arbitration regarding fee disputes. Binding arbitration shall be conducted in accordance with the Judicial Arbitration and Mediation Service Streamlined Rules & Procedures (the "JAMS Rules") and governed under New York law. Arbitration shall be held in the County of New York, Borough of Manhattan, before an arbitrator selected pursuant to the JAMS Rules who will have no personal or pecuniary interest, either directly or indirectly, from any business or family relationship with either of the parties. All decisions of the arbitrator will be final, binding, and conclusive on the parties.

The parties will equally share the costs of the arbitrator and the arbitration fee (if any). Each party will bear that party's own attorneys' fees and costs, and the prevailing party will not be entitled to reimbursement by the other party of a___ of i__ f___ __ costs

Initial Here

DocuSign Envelope ID: DF19F3DA-CBFD-49FE-AEEA-E718A5B58AA7





September 26, 2019
Page 3 of 3

incurred in connection with the arbitration hereunder, regardless of any rule to the contrary in the applicable arbitration rules. Either party may seek confirmation of the arbitration award in the Supreme Court of the State of New York in New York County, and each party hereby consents to the exclusive jurisdiction and venue of the Supreme Court of the State of New York, in New York County in any claim or action arising hereunder. By signing this Agreement containing this provision, you agree to waive any and all rights to a jury trial regarding any Dispute. You also waive your rights under Part 137 of the Rules of the Chief Administrator of the Courts of New York to mediate and/or arbitrate any fee dispute if the fee is between $1,000 and $50,000 and to commence an action for review in a court of competent jurisdiction if the award aggrieves you.

By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (i.e., waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.

Please confirm your approval of this Agreement by signing and returning a duplicate copy. If you have any questions, or if this Agreement does not accurately set forth our arrangement, please let me know.

Very truly yours,
LIPSKY LOWE LLP


s/ Douglas B. Lipsky
Douglas B. Lipsky

Enclosures


AGREED AND ACCEPTED:

███████████████████    _____


9/26/2019
_____
(Date)


Initial Here: ███████████ —

DocuSign Envelope ID: 861EF81E-6DEC-475C-9E02-34B0E15A11A2

# LIPSKY LOWE LLP
## AN EMPLOYMENT LAW FIRM

Douglas B. Lipsky

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main:  212.392.4772
Direct:  212.444.1024
Fax:  212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

October 18, 2021

<u>VIA EMAIL</u> ███████████ <u>& DOCUSIGN</u>
██████████████████████

Re:      Engagement Letter Agreement

Dear ████:

Thank you for selecting Lipsky Lowe LLP (the "Firm") to represent you. This Engagement Letter Agreement sets forth the terms of our attorney-client relationship.

1.      <u>Scope of Engagement.</u>
You have retained the Firm to advise you ████████████████  ████████████████████ (the "Matter").

2.      <u>Fees, Costs and Billing.</u>

The fees and costs for the Matter are unpredictable. Any fees and costs we might have previously discussed are therefore only estimates.

a.      It is agreed that you will compensate us for services based on the time devoted to the Matter at the hourly rates this Firm charges: my hourly rate is $650; Senior Associate rate is $450; Mid-year Associate rate is $375 Junior Associate Rate is $300; and our paralegal's rate is $100. These rates may change from time-to-time. We will advise you prior to any rate changes. We will bill you for support services, such as postage and messenger service. I will have primary responsibility for your matter.

b.      Invoices are normally sent to you each month and reflect the services and costs incurred the previous month. Payment is due promptly upon receipt. We are entitled to assess a late charge of 2.0% per month on any outstanding balance older than 60 calendar days.

3.      <u>Replenishing Retainer.</u>

Initial Here: ████████

DocuSign Envelope ID: 861EF81E-6DEC-475C-9E02-34B0E15A11A2



October 18, 2021
Page 2 of 3

The Firm's representation will commence when we receive a $3,500.00 retainer. These funds will be deposited in our client trust account, and we will draw against these funds to satisfy our monthly invoices, copies of which will be sent to you for your information. Upon depleting all or any portion of the retainer, we will so advise you, and you agree to pay any and all amounts you owe that are in excess of the depleted retainer (if applicable) and to restore the retainer to the amount provided hereinabove.

4.    Client Files and Records.
You understand and acknowledge the Firm utilizes Internet cloud-based methods of document storage and related systems, and you hereby agree that such methods are acceptable to you, and you disclaim any rights or remedies you may have with respect to any failure of such methods not due to the negligence or misconduct of the Firm.

5.    Communications about your Matter.
Any opinions or beliefs we have expressed or will express about the Matter are just that: an opinion. We cannot guarantee any outcome in the Matter.

6.    Statement of Client's Rights and Responsibilities (Enclosures).
Enclosed with this Agreement are the Statement of Client's Rights and Statement of Client's Responsibilities. All New York-based attorneys are required to provide their clients with these documents.

7.    Dispute Resolution.
In the unlikely event that any dispute should arise between you and the Firm concerning our fees and expenses or the performance of our professional responsibilities, any such dispute shall be submitted to binding arbitration pursuant to the applicable rules of the American Arbitration Association and shall be governed under New York law. In addition to any amounts awarded on the merits, the prevailing party in such arbitration shall be entitled to recover the reasonable value of the attorney services (including the Firm's own time) and costs in connection with said arbitration. Any such arbitration shall be conducted in the Borough of Manhattan in New York, before one arbitrator and in the English language. Either party may seek confirmation of the arbitration award in the Supreme Court of the State of New York in New York County, and each party hereby consents to the exclusive jurisdiction and venue of the Supreme Court of the State of New York, in New York County with respect to same. By signing this Agreement containing this provision, you agree to waive any and all rights to a jury trial regarding any such dispute.

Initial Here: _ 

DocuSign Envelope ID: 861EF81E-6DEC-475C-9E02-34B0E15A11A2





October 18, 2021
Page 3 of 3

8.    Executing the Agreement.
       Please confirm your approval of this Agreement by signing it and initialing each page via DocuSign. If you have any questions, or if this Agreement does not accurately set forth our arrangement, please let me know.

       We look forward to working with you.

                                    Very truly yours,
                                    LIPSKY LOWE LLP


                                    s/ Douglas B. Lipsky
                                    Douglas B. Lipsky


Enclosures


AGREED AND ACCEPTED:

████████████████████████████

10/21/2021
—————————————————————————
(Date)

Initial Here: _ ██████████████

DocuSign Envelope ID: 0676A889-3E48-4D56-A9D7-38107151314B



Douglas B. Lipsky

630 Third Avenue, Fifth Floor
New York, New York 10017
Main:  212.392.4772
Direct:  212.444.1024
Fax:  212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

July 28, 2021

<u>VIA EMAIL</u> ███████████ & DOCUSIGN
███████████

Re:    <u>Engagement Letter Agreement</u>

Dear ████

Thank you for selecting Lipsky Lowe LLP to represent you. This Engagement Letter Agreement ("Agreement") confirms the terms of our attorney-client relationship.

1.    <u>Scope of Engagement.</u>  You have retained the Firm to represent you in the lawsuit ███████████████████████████████ New York ("the "Matter").

2.    <u>Fees, Costs and Billing.</u>  The fees and costs for the Matter are unpredictable. Any fees and costs we might have previously discussed are therefore only estimates.

a.    It is agreed that you will compensate us for services based on the time devoted to the Matter at the hourly rates this Firm charges: my hourly rate is $625; Chris Lowe's (Partner) is $635; Senior Associates are $375; Junior Associates are $325 and our paralegal's rate is $115. We will advise you prior to any rate changes. We will bill you for support services, such as postage, photocopies ($.10/ page) and messenger service.

b.    Invoices are normally sent to you each month and reflect the services and costs incurred the previous month. Payment is due promptly upon receipt. We are entitled to assess a late charge of 2.0% per month on any outstanding balance older than 60 calendar days.

3.    <u>Replenishing Retainer.</u>  The Firm's representation will not commence until we receive a $25,000 retainer. These funds will be deposited in our client trust account, and we will draw against these funds to satisfy our monthly invoices, copies of which will be sent to you for your information. We will advise you upon depleting all or any portion of the retainer, and you agree to pay any and all amounts you owe that are in excess of the depleted retainer (if applicable). When the retainer is at $5,000, you agree to replenish it back to $25,000. You understand that failing to adhere to this paragraph will be a basis for the Firm to withdraw as your counsel.

Initial Here: ___ ██████████

DocuSign Envelope ID: 0676A889-3E48-4D56-A9D7-38107151314B



July 28, 2021
Page 2 of 3

4.    <u>Termination of Representation</u>

a.    Either of us may terminate this Agreement at any time for any reason by written notice (including by email). The Firm is subject to applicable rules of professional conduct when terminating a client engagement. If we terminate the engagement, the Firm will take all reasonable and practical steps to protect your interests in the Matter and, at your request, suggest possible new counsel.

b.    Subject to the applicable rules of professional conduct, if you or the Firm terminate this Agreement prior to the Matter being resolved, you remain responsible for fees and costs to date.

c.    The Firm's representation of you on the Matter does not bind the Firm to representing you in any appeal. The Firm retains sole discretion, subject to applicable rules of professional conduct, in deciding whether to represent you in such instance; if you wish to pursue an appeal or oppose an appeal, and the Firm agrees to represent you in such appeal, the terms of this Agreement shall continue to be binding.

5.    <u>Disposition of Files and Cloud-Based Storage</u>

a.    We will retain our own files pertaining to the Matter, including material prepared by or for the internal use of our attorneys. The Firm has internal policies that determine the retention periods for closed files.

b.    You understand and acknowledge that the Firm utilizes Internet cloud-based methods of document storage and related systems (*e.g.*, Dropbox), and you hereby agree that such methods are acceptable to you, and you disclaim any rights or remedies you may have with respect to any failure of such methods not due to the negligence or misconduct of the Firm.

6.    <u>Communication.</u>    Either at the beginning or during representation, we might express opinions or beliefs concerning the Matter and the results that might be anticipated. Any such statement made by us is an expression of opinion only; it is not a promise or guarantee of results.

7.    <u>Statement of Client's Rights and Responsibilities (Enclosures).</u>    Enclosed with this Agreement are the Statement of Client's Rights and Statement of Client's Responsibilities. All New York-based attorneys are legally required to provide these documents to their clients.

8.    <u>Arbitration.</u>    Any dispute over fees and/or costs (a "Dispute") will be submitted to and settled exclusively by binding arbitration, in accordance with the provisions of this Paragraph, subject only to any applicable requirement of law that the parties engage in a preliminary non-binding mediation or arbitration regarding fee disputes. Binding arbitration shall be conducted in accordance with the Judicial Arbitration and Mediation Service Streamlined Rules & Procedures (the "JAMS Rules") and governed under New York law. Arbitration shall be held in the County of New York, Borough of Manhattan, before an arbitrator selected pursuant to the JAMS Rules who will have no personal or pecuniary interest, either directly or indirectly, from any business or family relationship with either of the parties. All decisions of the arbitrator will be final, binding, and conclusive on the parties.

Initial Here: _____

DocuSign Envelope ID: 0676A889-3E48-4D56-A9D7-38107151314B





July 28, 2021
Page 3 of 3

The parties will equally share the costs of the arbitrator and the arbitration fee (if any). Each party will bear that party's own attorneys' fees and costs, and the prevailing party will not be entitled to reimbursement by the other party of any of its fees or costs incurred in connection with the arbitration hereunder, regardless of any rule to the contrary in the applicable arbitration rules. Either party may seek confirmation of the arbitration award in the Supreme Court of the State of New York in New York County, and each party hereby consents to the exclusive jurisdiction and venue of the Supreme Court of the State of New York, in New York County in any claim or action arising hereunder. By signing this Agreement containing this provision, you agree to waive any and all rights to a jury trial regarding any Dispute. You also waive your rights under Part 137 of the Rules of the Chief Administrator of the Courts of New York to mediate and/or arbitrate any fee dispute if the fee is between $1,000 and $50,000 and to commence an action for review in a court of competent jurisdiction if the award aggrieves you.

By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (i.e., waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.

Please confirm your approval of this Agreement by signing and returning a duplicate copy. If you have any questions, or if this Agreement does not accurately set forth our arrangement, please let me know.

Very truly yours,
LIPSKY LOWE LLP


s/ Douglas B. Lipsky
Douglas B. Lipsky

Enclosures


AGREED AND ACCEPTED:

7/28/2021
(Date)


Initial Here: ____

# EXHIBIT D

# Activities Export

01/30/2022
9:26 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|------|-------------|--------|------|-----|----------|------------------|--------------|
| 06/10/2021 | $ | Filing fee ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 1.00 | 402.00 | - | 402.00 |
| 06/25/2021 | $ | Process server fee re Atlantic Adult Day Care ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 1.00 | 66.90 | - | 66.90 |
| 06/25/2021 | $ | Process server fee re Queens Borough ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 1.00 | 66.90 | - | 66.90 |
| 06/25/2021 | $ | Process server fee re Dmity Tsepenyk ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 1.00 | 66.90 | - | 66.90 |
| 01/13/2022 | $ | Invoice. ● Unbilled | 01284-Kazadavenko Kazadavenko v. Atlantic Adult Day Care | Douglas Lipsky | 1.00 | 300.00 | - | 300.00 |
| | | | | | | | **$0.00** 0.0h | **$902.70** 0.0h |

**James A. Brown, Esq.**
**Arbitrator and Mediator**
**P.O. Box 24611**
**Brooklyn, N.Y. 11202**
**(718) 578-2900**

jabrownlaw@aol.com/jamesabrownadr.com

January 13, 2022

**BY EMAIL ONLY**
Milana Dostanitch, Esq.
Lipsky Lowe, LLP
420 Lexington Avenue, Suite 1830
New York, NY 10170-1830

    Re:  Kazadavenko v. Atlantic Adult Day Care Center, Inc.
        21-cv-3284(ENV)(LB)

Dear Ms. Dostanitch:

    Kindly consider this to be my invoice, in the amount of $300.00 (previously paid), in the above-captioned mediation conducted on December 21, 2021.

        Sincerely,

        James A. Brown
        Mediator

# Alexander
# POOLE & Co. Inc.

ATTORNEY'S SERVICENTER
SINCE 1961

*ALEXANDER POOLE & CO., INC.*
*41 STATE STREET, STE 406, ALBANY, NY 12207*
*TELEPHONE 518-436-0895 • FAX 518-436-7366*
*EMAIL INFO@ALEXANDERPOOLE.COM*
Federal ID # 14-1482374

Invoice #          **2120214**

June 25, 2021

14088
Lipsky Lowe LLP
Carmen Liggia Espinal
420 Lexington Avenue, Suite 1830
New York NY 10170

# PAID

Your File #: Kazadavenko

## Routine

Contract or SFS #:

| Vadzim Kazadavenko, Individually and on behalf of all other persons similarly situated | Plaintiff/Petitioner |
| vs | |
| Atlantic Adult Day Care Center Inc., et al | Defendant/Respondent |

Date Received: 6/24/2021
Serve By Date:
Date Returnable:
Docket or ID #: 1:21-cv-03284-ENV-LB
Court: U. S. District
County: Eastern Dist.

File:

## Re: **Dmitry Tsepenyk c/o Atlantic Adult Day Care Center Inc.**

*Service Documents* Summons in a Civil Action & Class Action Complaint

*Date Served/Complete:* 6/25/2021   *Method:*
*Server:* Sean Warner

*Pursuant to* Business Corporation Law §306

| Date | Service Description | Qty | Service Fee |
|------|--------------------|-----|-------------|
| 6/24/21 | Secretary of State Fee ($40) Prepaid by Customer | 1 | $40.00 |
| 6/24/21 | Svc. on Secretary of State - Regular (Svc.Fee Prepaid) | 1 | $20.00 |
| 6/24/21 | Print Copies | 46 | $6.90 |

**Payments Made:**
06/25/2021 by Douglas B. Lipsky Credit Card Transaction #PJ0089567979 - Applied $66.90 of $470.10

| | |
|---|---|
| Total Service Fees | $66.90 |
| Payments/Credits | -$66.90 |
| **Balance Due =** | **$0.00** |

Notes: ***All afdvts & receipts emailed to: lynette@lipskylowe.com and mail to:carmen@lipskylowe.com.***

There will be a $20.00 fee charged for any returned check.

---

**We also accept eChecks, PayPal, Visa, Mastercard, American Express & Discover**

14088
Lipsky Lowe LLP
Carmen Liggia Espinal
420 Lexington Avenue, Suite 1830
New York NY 10170

Customer Fax:     212-444-1030
Invoice#:          **2120214**
Invoice Date:      6/25/2021

**Alexander, Poole & Co., Inc.**
**41 State St, Ste 406**
**Albany, New York, 12207**

Total Amount Due:          $0.00

# Alexander
# POOLE & Co. Inc.

ATTORNEY'S SERVICENTER
SINCE 1961

ALEXANDER POOLE & CO., INC.
41 STATE STREET, STE 406, ALBANY, NY 12207
TELEPHONE **518-436-0895** • FAX 518-436-7366
EMAIL INFO@ALEXANDERPOOLE.COM
Federal ID # 14-1482374

Invoice #    **2120217**

June 25, 2021

14088
Lipsky Lowe LLP
Carmen Liggia Espinal
420 Lexington Avenue, Suite 1830
New York NY 10170

# PAID

Your File #: Kazadavenko

## Routine

Contract or SFS #:

| | |
|---|---|
| Vadzim Kazadavenko, Individually and on behalf of all other persons similarly situated | Plaintiff/Petitioner |
| vs | |
| Atlantic Adult Day Care Center Inc., et al | Defendant/Respondent |

Date Received: 6/24/2021
Serve By Date:
Date Returnable:
Docket or ID #: 1:21-cv-03284-ENV-LB
Court: U. S. District
County: Eastern Dist.

File:

Re: **Queens Borough Day Care, LLC**

Service Documents: Summons in a Civil Action & Class Action Complaint

Pursuant to Limited Liability Company Law §303

Date Served/Complete: 6/25/2021    Method:
Server: Sean Warner

| Date | Service Description | Qty | Service Fee |
|---|---|---|---|
| 6/24/21 | Secretary of State Fee ($40) Prepaid by Customer | 1 | $40.00 |
| 6/24/21 | Svc. on Secretary of State - Regular (Svc.Fee Prepaid) | 1 | $20.00 |
| 6/24/21 | Print Copies | 46 | $6.90 |

**Payments Made:**
06/25/2021 by Douglas B. Lipsky Credit Card Transaction #PJ0089567979 - Applied $66.90 of $470.10

| | |
|---|---|
| Total Service Fees | $66.90 |
| Payments/Credits | -$66.90 |
| **Balance Due =** | **$0.00** |

Notes: *All afdvts & receipts emailed to:  lynette@lipskylowe.com and mail to:carmen@lipskylowe.com.*

There will be a $20.00 fee charged for any returned check.

---

**We also accept eChecks, PayPal, Visa, Mastercard, American Express & Discover**

14088
Lipsky Lowe LLP
Carmen Liggia Espinal
420 Lexington Avenue, Suite 1830
New York NY 10170

Customer Fax:    212-444-1030
Invoice#:    **2120217**
Invoice Date:    6/25/2021

Alexander, Poole & Co., Inc.
41 State St, Ste 406
Albany, New York, 12207

Total Amount Due:    $0.00

# Alexander
# POOLE & Co. Inc.

ATTORNEY'S ServiCENTER
SINCE 1961

ALEXANDER POOLE & CO., INC.
41 STATE STREET, STE 406, ALBANY, NY 12207
TELEPHONE **518-436-0895** • FAX 518-436-7366
EMAIL INFO@ALEXANDERPOOLE.COM
Federal ID # 14-1482374

Invoice #    **2120216**

June 25, 2021

14088
Lipsky Lowe LLP
Carmen Liggia Espinal
420 Lexington Avenue, Suite 1830
New York NY 10170

# PAID

Your File #: Kazadavenko

## Routine

Contract or SFS #:

| | |
|---|---|
| Vadzim Kazadavenko, Individually and on behalf of all other persons similarly situated | Plaintiff/Petitioner |
| vs | |
| Atlantic Adult Day Care Center Inc., et al | Defendant/Respondent |

Date Received: 6/24/2021
Serve By Date:
Date Returnable:
Docket or ID #: 1:21-cv-03284-ENV-LB
Court: U. S. District
County: Eastern Dist.

File:

Re: **Atlantic Adult Day Care Center Inc.**

Service Documents: Summons in a Civil Action & Class Action Complaint
Pursuant to Business Corporation Law §306

Date Served/Complete: 6/25/2021    Method:
Server: Sean Warner

| Date | Service Description | Qty | Service Fee |
|---|---|---|---|
| 6/24/21 | Secretary of State Fee ($40) Prepaid by Customer | 1 | $40.00 |
| 6/24/21 | Svc. on Secretary of State - Regular (Svc.Fee Prepaid) | 1 | $20.00 |
| 6/24/21 | Print Copies | 46 | $6.90 |

**Payments Made:**
06/25/2021 by Douglas B. Lipsky Credit Card Transaction #PJ0089567979 - Applied $66.90 of $470.10

| | |
|---|---|
| Total Service Fees | $66.90 |
| Payments/Credits | -$66.90 |
| **Balance Due =** | **$0.00** |

Notes: *All afdvts & receipts emailed to:  lynette@lipskylowe.com and mail to:carmen@lipskylowe.com.*

There will be a $20.00 fee charged for any returned check.

---

## We also accept eChecks, PayPal, Visa, Mastercard, American Express & Discover

14088
Lipsky Lowe LLP
Carmen Liggia Espinal
420 Lexington Avenue, Suite 1830
New York NY 10170

Customer Fax:    212-444-1030
Invoice#:    **2120216**
Invoice Date:    6/25/2021

Alexander, Poole & Co., Inc.
41 State St, Ste 406
Albany, New York, 12207

Total Amount Due:    $0.00