UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
VADZIM KAZADAVENKO, *individually
and on behalf of all other persons similarly
situated*,

                        Plaintiff,

     -against-

ATLANTIC ADULT DAY CARE CENTER
INC., QUEENS BOROUGH DAY CARE,
LLC, and DMITRY TSEPENYUK,

                  Defendants.
------------------------------------------------------X

**REPORT AND RECOMMENDATION
21 CV 3284 (ENV)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201,

et. seq. and the New York Labor Law ("NYLL") §§ 190, 651 et. seq. seeking to recover overtime

wages, minimum wages, spread-of-hours wages, and damages for failure to provide wage notices

and statements. Compl. ¶¶ 2–3 ECF No. 1. The parties now seek Court approval of their settlement

pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). [1] See Mot.

Settle., ECF No. 21. The Honorable Eric N. Vitaliano referred the parties' motion for settlement

approval to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons

stated herein, it is respectfully recommended that the parties' motion for settlement approval

should be granted.

---

[1] Plaintiff originally brought this case as a purported class action; however, this settlement is only between plaintiff
Vadzim Kazadavenko and the defendants.

## BACKGROUND AND PROCEDURAL HISTORY

As alleged in the complaint, Atlantic Adult Day Care Center Inc., Queens Borough Day Care, LLC and Dmitry Tspenyuk ("defendants") employed plaintiff Vadzim Kazadavenki as a driver at their adult daycare centers from approximately November 2017 to June 2019. Compl. ¶ 1. Plaintiff worked six days per week, starting at 8:00 a.m. and finishing at 7:30 p.m., at defendants' adult daycare centers and worked one to three days a week at defendants' autobody shop; from 7:30 p.m. to at least 10:30 p.m. Id. ¶ 35–36. Plaintiff alleges that, although he worked over 70 hours a week, he was paid a flat amount of $150 a day. Id. ¶ 35–37. Plaintiff claims that defendants did not pay him minimum wage during certain periods of his employment at the adult daycare centers or any wages for the hours worked at the auto shop. Id. ¶ 41. Moreover, plaintiff alleges defendants did not pay him overtime when he worked over 40 hours a week, did not pay him spread-of-hours pay, and did not provide him paystubs or required wage notices. Id. ¶¶ 42, 44–45, 50–51.

Plaintiff commenced this action on June 10, 2021, ECF No. 1, and defendants answered the complaint on August 16, 2021, ECF No. 17. The matter was then referred to Court annexed mediation. See Electronic Order dated Oct. 27, 2021. The parties reached a settlement through the mediation and now move for Court approval of their settlement agreement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d. Cir. 2015). In support of their motion, the parties provide a joint motion for settlement approval, (Mot. Settle., ECF No. 21), which includes a signed copy of their settlement agreement, (Mot. Settle., Ex. A [hereinafter "Settle. Agreement").

## DISCUSSION

### I. Standard for Settlement Approval

Pursuant to Cheeks v. Freeport Pancake House, Inc., "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect. 796 F.3d 199, 206 (2d Cir. 2015). This approval requirement is intended to ensure FLSA's objective of insuring that all workers are fairly compensated. Id. (quoting A.H. Phillios, Inc. v. Walling, 324 U.S. 490, 493 (1945)). Review also furthers FLSA's remedial purpose, namely preventing abuse while accounting for the uneven power dynamic between employers and employees. Id. at 207. As discussed by the Cheeks' Court, certain provisions within a settlement agreement are unacceptable when subjected to judicial review. Id. Such provisions include: (1) restrictive confidentiality provisions; (2) overbroad releases that waive all claims, especially those with no connection to a plaintiff's wage-and-hour case; (3) and awards of attorney's fees without record support. Id. at 206 (quoting Lopez v. Nights of Cabiria, 96 F. Supp. 3d 170, 177-82 (S.D.N.Y. 2015)).

In reviewing FLSA settlement agreements, Courts are ultimately seeking to determine if the parties' proposed resolution is "fair and reasonable." Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925(NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)). Although not an exhaustive list, this reasonableness determination includes review of the following factors:

> (1) [T]he plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

Id. (citing Medley v. Am. Cancer Soc., No. 10-CV-3214(BSJ), 2010 WL 3000028, at *1

(S.D.N.Y. July 23, 2010)). There is a strong presumption in favor of finding a proposed FLSA

settlement agreement to be fair and reasonable because the Court can never be "in as good of a

position as the parties to determine the reasonableness of an [sic] FLSA settlement." Martinez

Aguilar v. VBFS Inc., No. 19-CV-621(JLC), 2020 WL 1036071, at *1 (S.D.N.Y. Mar. 3, 2020)

(internal quotation marks omitted) (quoting Souza v. 65 St. Marks Bistro, No. 15-CV-327(JLC),

2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015)); Cortes v. Bronx Bar and Grill, LLC, No. 19-

CV-2819(SN), 2019 WL 6318430, at *1 (S.D.N.Y. Nov. 25, 2019) (quoting Lliguichuzhca v.

Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)).

**II. The Parties' Settlement Agreement**

**A. Terms of the Parties' Agreement**

The parties' agreement provides that within 15 days of the Court's approval of the

parties' settlement, defendants shall pay $55,000 to settle plaintiff's claims: $36,264.87 payable

to plaintiff; $18,735.13, which includes $401.80 for expenses, payable to plaintiff's counsel,

Lipsky Lowe. Settle. Agreement ¶ 4. Defendants will write one check payable to plaintiff for

$36,264.87 and a second check payable to "Lipsky Lowe LLP" for $18,735.13. Id. ¶¶ 4(a)–(b).

Both checks will be delivered "to Lipsky Lowe LLP, at 420 Lexington Avenue, Suite 1830, New

York, N.Y. 10170-1830, addressed to Douglas B. Lipsky." Id. ¶ 4(c).

In exchange for payment, plaintiff agrees to dismiss this action with prejudice and

"irrevocably and unconditionally releases, waives and forever discharges" defendants from

certain claims related to defendants' employment of plaintiff. Id. ¶ 3. Specifically, plaintiff

releases defendant from any claim "for not being paid for all hours worked, for not being paid

overtime, for not being paid the minimum wage, for not being paid spread-of-hours pay, failing

to provide him with the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, failing to provide him with the wage statements required under N.Y. Lab. Law § 195.3 and for being misclassified as an independent contractor." Id.

**B. The Parties' Agreement is Reasonable**

The Court looks to the factors discussed in Wolinsky v. Scholastic, Inc. when determining the reasonableness of the settlement. The first factor is the range of possible recovery. Wolinsky, 900 F. Supp. 2d at 335. A determination "whether a settlement amount is reasonable 'is not susceptible to a mathematical equation yielding a particularized sum'" but must account for "'the uncertainties of law and fact in any particular case.'" Bryant v. Potbelly Sandwich Works, LLC, No. 17-CV-7638(CM)(HBP), 2020 WL 563804, at *5 (S.D.N.Y. Feb. 4, 2020) (first quoting In re Austrian & German Bank Holocaust Litig., 80 F. Supp. 2d 164, 178 (S.D.N.Y. 2000); then quoting Henry v. Little Mint, Inc., No. 12 Civ. 3996(CM), 2014 WL 2199427, at *10 (S.D.N.Y. May 23, 2014)). The factors include consideration of the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses [and] the seriousness of the litigation risks faced by the parties." Wolinsky, 900 F. Supp. 2d at 335 (internal quotation marks omitted) (quoting Medley, 2010 WL 3000028, at 1*).

The parties assert that their agreement is "fair and reasonable" under the circumstances. Mot. Settle. V.A. Here, the settlement eliminates the risks presented by continued litigation and provides certainty about plaintiff's recovery. See Chun Lan Guan v. Long Island Bus. Inst., Inc., No. 15-CV-2215(CBA)(VMS), 2020 WL 1289517, at * 3 (E.D.N.Y. Mar. 18, 2020). The desire to avoid these risks weighs in favor of settlement approval. See Cionca v. Interactive Realty,

LLC, No. 15-CV-5123(BCM), 2016 WL 3440554, at *2 (S.D.N.Y. June 10, 2016) (finding a settlement amount reasonable given the "risk and expense" of further litigation).

The Court must also consider whether the settlement "is the product of arm's length bargaining between experienced counsel." Wolinsky, 900 F. Supp. 2d at 335 (quoting Medley, 2010 WL 3000028, at 1). The parties reached this settlement after a Court-annexed mediation. Mot. Settle. V.B.  The parties also exchanged discovery. Id. Thus, the parties' agreement is the result of arm's-length negotiations between experienced counsel. See Garcia v. Pancho Villa's Huntington Vill., Inc., No. 09-CV-486(ETB), 2012 WL 5305694, at *3 (E.D.N.Y. Oct. 4, 2012) (approving settlement that was reached following arm's-length negotiations and with a mediator's assistance).

### C. The Parties' Agreement is Proper

The release in the parties' settlement agreement is narrowly tailored. In pertinent part, it states plaintiff releases defendants from claims under the FLSA and the NYLL. Settle. Agreement ¶ 3. This release, limited to wage and hour claims, is proper and appropriate. See Wiles v. Logan Staffing Sols., No. 18-CV-9953(RA), 2020 WL 996735, at *2 (S.D.N.Y. Mar. 2, 2020) (approving a release limited to unpaid wages); Yunda v. SAFI-G, Inc., No. 15 Civ. 8861(HBP), 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017) (approving of a release which is limited to FLSA claims).

Non-disparagement clauses and confidentiality provisions, which bar plaintiffs from making public statements about their wage claims, may not be included in a FLSA settlement. See Souza v. 65 St. Marks Bistro, No. 15-CV-327(JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015); Alt v. Social Impact 360, Inc., No. 20 Civ. 4478(ER), 2020 WL 8509845, at *1 (S.D.N.Y. Dec. 2, 2020). However, non-disparagement clauses are not per se objectional.

Lazaro-Garcia v. Sengupta Food Servs., No. 15-CV-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015). The instant settlement agreement does not contain a confidentiality provision. Although the agreement contains a non-disparagement clause, it does not bar plaintiff from making truthful statements about his employment with defendants or litigation of these claims. Settle. Agreement ¶ 6. Thus, the instant non-disparagement clause is acceptable. See Lazaro-Garcia, 2015 WL 9162701, at *3; Chowdhury v. Brioni Am., Inc., No. 16 CIV. 344 (HBP), 2017 WL 5953171, at *6 (S.D.N.Y. Nov. 29, 2017) (citing Romero v. ABCZ Corp., 14 Civ. 3653(HBP), 2017 WL 2560004, at *4 (S.D.N.Y. June 12, 2017)) (approving a non-disparagement clause which contained a carve out for truthful statements).

**D. Attorney's Fees and Costs**

Prevailing plaintiffs are entitled to recover reasonable attorney's fees under both FLSA and the NYLL but must provide adequate support for the requested amount. Fisher v. SD Prot. Inc., 948 F.3d 593, 600 (2d Cir. 2020) (citing N.Y. State Ass'n for Retarded Child, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983)). Courts must consider the reasonableness of requested fee amounts in the context of the entire FLSA settlement agreement. See id. at 606.

When considering requests for attorney's fees, the Court relies on "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – [which] creates a 'presumptively reasonable fee.'" Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (citing Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). In the context of a settlement, attorney's fees totaling one-third of the total settlement amount are routinely approved in the Second Circuit. See, e.g., Bondi v. DeFalco, No. 17-CV-5681, 2020 WL 2476006, at *7 (S.D.N.Y. May 13, 2020); Oxley v. Excellent Home Care Services, LLC, 18 CV 2374, 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8,

2020); Najera v. Royal Bedding Co., No. 13-CV-1767 (NGG) (MDG), 2015 WL 3540719, at *2 (E.D.N.Y. June 3, 2015) citing 29 U.S.C. § 216(b); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13–CV–3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept.19, 2013) (observing district courts in the Second Circuit regularly approve fees amounting to one-third of the total settlement in FLSA cases).

Here, plaintiff's counsel expended over 59.9 hours and plaintiff requests attorney's fees of $18,333.33. Mot. Settle. ¶ III, IV.B. Plaintiff's counsel's billing records document the time spent working on this matter and the hourly rates of the personnel at plaintiff's counsel's firm. Mot. Settle., Ex. B. The requested attorney's fees, $18,333.33, amounts to one-third of the total settlement amount of $55,000, and is actually less than the product of the total hours expended on this matter and counsel's hourly fee. The Court has reviewed the records provided by counsel and given the facts and circumstances of this case, finds the requested attorney's fee award of one-third of the overall settlement to be reasonable and comparable with other FLSA attorney's fee awards in this Circuit. See Pucciarelli v. Lakeview Cars, Inc., No. 16-CV-4751(RRM)(RER), 2017 WL 2778029, at *2 (E.D.N.Y. June 26, 2017).

Plaintiff's requested costs of $401.80 are also fair and reasonable. See Marquez v. Erenler, Inc., No. 12- CV-8580 (GHW), 2014 WL 5847441, at *4 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, as well as process server expenses); Morris v. Affinity Health Plan, Inc., 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage). Counsel provides receipts documenting service of process fees and an invoice documenting the mediator fee. Mot. Settle., Ex. D. Although counsel did not provide a receipt for the filing fee, the Court takes judicial notice of this amount. Callari v. Blackman Plumbing Supply, Inc., No. 11-CV- 3655(ADS)(AKT), 2020 WL 2771008, at *17 (E.D.N.Y. May, 4,

2020) (citing <u>Ortega v. JR Primos 2 Rest. Corp.</u>, No. 15-CV-9183, 2017 WL 2634172, at *8 (S.D.N.Y. June 16, 2017)) <u>Report and Recommendation</u> <u>adopted by</u> 2020 WWL 2769266 (E.D.N.Y. May 28, 2020). Accordingly, I find the attorney's fees and costs reasonable and recommend that they should be approved.

## CONCLUSION

Accordingly, I respectfully recommend that the parties' instant motion for settlement approval should be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. <u>Marcella v. Capital Dist. Physician's Health Plan, Inc.</u>, 293 F.3d 42 (2d Cir. 2002); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989); <u>see</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

SO ORDERED.

_____
/S/
LOIS BLOOM
United States Magistrate Judge

Dated:  April 14, 2022
        Brooklyn, New York